## B. F. FARNELL COMPANY *v.* MONAHAN.

1. ACTION ON THE CASE—RIGHT AND REMEDY—COMMON LAW.

The common law provides a remedy when a statute provides a beneficial right, but no civil remedy for its securance.

2. SAME—BANKRUPTCY—TRUST FUND—FRAUD.

Plaintiff-materialman may use action on the case to recover from defendant-contractor money declared by statute to be a trust fund for benefit of plaintiff and others, where defendant contractor upon receipt of payment for work performed, declared voluntary bankruptcy, fraudulently paid trust funds to the trustee in bankruptcy, and was subsequently discharged in bankruptcy (CL 1948, § 570.151 *et seq.*).

3. BANKRUPTCY—PROPERTY—DEFINITION.

Determination of what is and what is not "property," within the bankruptcy act is governed generally by local law (11 USC, § 110).

4. ELECTION OF REMEDIES—BANKRUPTCY LAW—TRUST FUND.

Plaintiff may elect to pursue State civil remedy despite fact that bankruptcy act provides a remedy, so long as State's action does not offend any provision of Federal law (11 USC, § 110).

5. BANKRUPTCY—PROPERTY—TRUST FUND—OVERRULED CASES.

Money paid by owner to contractor, held by him as trustee of building contract fund, is not the "property" of said contractor under the bankruptcy act; *Club Holding Co.* v. *Flint Citizens Loan & Investment Co.*, 272 Mich 66, being overruled insofar as in conflict herewith (11 USC, § 110; PA 1931, No 259).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions § 47.
[2] 9 Am Jur 2d, Bankruptcy §§ 902, 1123.
[3, 5] 9 Am Jur 2d, Bankruptcy §§ 781, 848.
[4] 25 Am Jur 2d, Election of Remedies § 30.

Appeal from Oakland; Adams (Clark J.), J. Submitted February 10, 1966. (Calendar No. 6, Docket No. 50,917.) Decided April 5, 1966.

Complaint by B. F. Farnell Company, a Michigan corporation, against James M. Monahan for conversion of money paid him as a subcontractor. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Samuel H. Rubin,* for plaintiff.

*Dell & Shantz (John F. Shantz,* of counsel), for defendant.

BLACK, J.   Defendant-appellee has fairly stated the controlling question:

"Where a defendant-contractor (1) has received payment for work performed under a contract, and, while the funds were still in hand, but before the payment of all materialmen, (2) filed a voluntary petition in bankruptcy, (3) delivered those funds to the trustee in bankruptcy pursuant to the bankruptcy act (11 USC, § 110, *et seq.*) and (4) was subsequently discharged in bankruptcy, is such defendant-contractor entitled to a summary judgment, as a matter of law, against a plaintiff-materialman who claims a civil judgment, asserting that the receipt of said funds and the delivery thereof to the trustee in bankruptcy constitutes a fraudulent appropriation under PA 1931, No 259 (CL 1948, § 570.151 *et seq.* [Stat Ann 1953 Rev § 26.331 *et seq.*]) ?"[1]

Plaintiff, alleging that it is a beneficiary of a "trust fund" created by operation of PA 1931, No

---

[1] Whether the defendant contractor did deliver "those funds" to the trustee in bankruptcy, *"pursuant to the bankruptcy act,"* is really the essence of this stated question.

259 (CL 1948, § 570.151 *et seq.* [Stat Ann 1953 Rev § 26.331 *et seq.*]),[2] sues defendant as trustee under the statute. Its complaint proceeds:

"5. That by virtue of CL 1948, § 570.151 (Stat Ann 1953 Rev § 26.331), the said fund of $3,749.88, so as aforesaid paid to the defendant was a trust fund held by the defendant, amongst others, for the benefit of this plaintiff to the extent of $2,405.48.

"6. That with said sum in the possession of the defendant for the benefit of this plaintiff, the defendant fraudulently converted the same to his own use and did on November 1, 1963, file a voluntary petition in bankruptcy.

"7. That the act of the defendant James M. Monahan was a wilful and malicious fraud designed to cheat this plaintiff out of the sum of $2,405.48, which sum the defendant had in his possession as a trustee for the plaintiff."

Defendant sought and obtained *summary* judgment of no cause. Plaintiff appeals. The stated question turns upon the soundness as well as the applicability of *Club Holding Co. v. Flint Citizens*

---

[2] Quotation of sections 1 and 2 of the act of 1931 will suffice for present purposes:

"Sec. 1. In the building construction industry, the building contract fund paid by the owner to a contractor, or by the owner or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the owners, contractors, laborers, subcontractors or materialmen, and the said contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

"Sec. 2. Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part thereof, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a State prison at the discretion of the court."

*Loan & Investment Co.,* 272 Mich 66. *Club Holding,* if allowed to stand, would seem to bar plaintiff's cause as alleged. *Club Holding* tells us, with respect to the stated question (p 72):

"Section 2 [of the act of 1931] defines the statutory fraud and provides a penalty, while section 3 states what shall be evidence of intent to defraud. The act affects those matters which are criminal in their character and creates a particular statutory crime. The civil rights and obligations existing between owners, contractors, subcontractors, materialmen and the various trades, et cetera, seem to be undisturbed by the act."

It may be that *Club Holding* is presently distinguishable. The case was fully tried; not summarily determined. The Court finally found as a fact that no fraud had been "practiced" as against the complaining parties; whereas there has been and so far could not be any such finding in the case before us. *Club Holding* nonetheless, a "single decision" (see *Smith* v. *Lawrence Baking Co.,* 370 Mich 169, syllabus No. 2), should be overruled if for no other reason than that of retention generally of the valued principle of such cases as *Stout* v. *Keyes,* 2 Doug (Mich) 184 (43 Am Dec 465), *Ferguson* v. *Gies,* 82 Mich 358 (9 LRA 589, 21 Am St Rep 576), and *Creek* v. *Laski,* 248 Mich 425 (65 ALR 1113).

When a statute provides a beneficial right but no civil remedy for its securance, the common law on its own hook provides a remedy, thus fulfilling law's pledge of no wrong without a remedy. See particularly *Ferguson* v. *Gies* and *Creek* v. *Laski, supra;* also the text of 1 Am Jur 2d, Actions, § 47, p 579, "Existence of remedy for a wrong."

*Ferguson* says (p 365):

"But it is claimed by the defendant's counsel that this statute gives no right of action for civil dam-

ages; that it is a penal statute; and that the right
of the plaintiff under it is confined to a criminal
prosecution. The general rule, however, is that
where a statute imposes upon any person a specific
duty for the protection or benefit of others, if he
neglects or refuses to perform such duty, he is liable
for any injury or detriment caused by such neglect
or refusal, if such injury or hurt is of the kind
which the statute was intended to prevent; nor is
it necessary in such a case as this to declare upon
or refer to the statute."

*Creek* was an action for damages arising from
destruction of a will in violation of statute (CL
1915, §§ 13777, 13778).[3] Defendant presented the
same contention as was overruled in *Ferguson*.
This Court said (pp 429, 430):

"The statute seems too plain to require construc-
tion. It created the duty of celerity in presenting
a will and provides a stated penalty for delay. It
does not cover the distinct wrong of spoliation or
provide a remedy for the varied damages which
may result therefrom.

"Action on the case

— 'is an outgrowth of the principle that, when-
ever the law gives a right or prohibits an injury,
it will also afford a remedy. Hence, where there
has been an injury for which none of the established
forms of action will lie, an action on the case may
be maintained, it being no objection that there is
no precedent for the particular action, since the
action is suited to every wrong and grievance that
a person may suffer, and varies according to the
circumstances of the case.' 11 CJ, Case, Action on,
§ 3, p 4."

It is axiomatic that the question of what is and
is not "property," within section 70 of the bank-

___

[3] See, currently, CL 1948, § 702.18 (Stat Ann 1962 Rev § 27.3178
[88]).—REPORTER.

ruptcy act (30 Stat 565, as amended; 11 USC, § 110), is governed generally by local law. See *In re Berry* (DC ED Mich), 247 F 700; and *In re Edward Misch Co's. Estate* (DC ED Mich), 34 F Supp 781; affirmed *R. H. Mahon Co.* v. *Hallis* (CA 6), 112 F 2d 1007. *Club Holding* has led the sixth circuit to affirm that "The Michigan Court holds that the statute is a penal statute and as such, does not affect the civil rights and obligations of the classes of persons mentioned therein." The result is, so far, that what a contractor or subcontractor receives as trustee under the act of 1931 is held to be a part of his "estate" when he is adjudicated a bankrupt. That is a wrong this Court has perpetrated and now may correct.

But it is said that these views do not square with the fact that plaintiff has—or may have—a remedy under the bankruptcy act. Sufficient for reply is the fact that a State may with constitutional sanction provide a remedy for any wrong committed within its borders, just so long as that State's action does not offend any provision of nationally supreme law. There is no such offense here. If plaintiff can prove the allegations of its complaint, then "those funds," whether turned over to the trustee in bankruptcy or not, were never the "property" of defendant within said section 70.

*To conclude:* It is clear that a contractor or subcontractor, by delivering to his trustee in bankruptcy what he himself holds as trustee under the act of 1931, cannot thereby defeat the common-law remedy this Court has provided in favor of those who under the act are aggrieved by his statutory violation. Whether defendant's act of turning the funds over to his trustee did or did not place such funds beyond the reach of plaintiff is beside the point. Plaintiff had the remedy it seeks to pursue,

as against the defendant, when the latter retained or used the funds as charged in its complaint. That remedy was not destroyed, either by defendant's voluntary petition in bankruptcy or by his voluntary payment to the trustee in bankruptcy of that which was not his. To the extent *Club Holding* collides with these views, *Club Holding* should be overruled.[4]

I would reverse and remand for further proceedings consistent with the foregoing. Plaintiff should have costs of this appeal.

T. M. Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred.

---

[4] An examination of all briefs filed for and against reversal of *Club Holding* discloses that the common-law doctrine to which Michigan became committed by *Stout* v. *Keyes, Ferguson* v. *Gies* and *Creek* v. *Laski*, all *supra*, was neither urged upon the Court nor discussed by any counsel in the case. No one of the three cases was cited or mentioned. The thrust of the argument made by the complaining parties turned exclusively upon their request for a decree of constructive trust. Such is the reason, doubtless, for omission of reference to said doctrine by the Court.