## REITER v KUHLMAN

1. STATUTES—BENEFICIAL RIGHTS—CIVIL REMEDIES—COMMON LAW—
   WRONGS AND REMEDIES.

   The common law on its own provides a remedy, where a statute
   provides a beneficial right but no civil remedy for its securance,
   thus fulfilling law's pledge of no wrong without a remedy.

2. CONTRACTS—SUBCONTRACTORS—FUNDS—TRUST—ESTATES—ADMINIS-
   TRATORS.

   Funds received under a building construction contract by a
   subcontractor as a trustee for other subcontractors under him
   do not become a part of the estate of that subcontractor when
   he dies nor do they become a part of his estate because such
   funds are paid to the administrator of his estate.

3. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—AFFIDAVITS—
   DEPOSITIONS—ADMISSIONS.

   Summary judgment should not be granted because of the absence
   of a genuine issue as to any material fact unless a court is
   satisfied from the affidavits, pleadings, depositions, admissions,
   and other documentary evidence submitted that it is impossible
   for a defense to be supported at trial.

4. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—BURDEN OF
   PROOF—SHIFT OF BURDEN.

   Once a plaintiff who has properly identified in his pleadings facts
   which appear to be controverted but which could not be genu-
   inely disputed moves for summary judgment, defendant must
   then show that there is evidence to make a genuine issue of
   disputed fact, and if such showing is not made, then summary
   judgment is properly granted to the plaintiff.

Appeal from Wayne, Thomas J. Foley, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 282.
[2] 31 Am Jur 2d, Executors and Administrators §§ 280, 317, 318.
[3] 73 Am Jur 2d, Summary Judgment § 15.
[4] 73 Am Jur 2d, Summary Judgment §§ 15, 16.

mitted Division 1 January 8, 1975. (Docket No. 18345.) Decided February 24, 1975. Leave to appeal denied, 394 Mich 765.

Complaint by Albert J. Reiter, doing business as Nor-West Asphalt Paving Co., against Richard Kuhlman, administrator of the estate of Milton J. Kuhlman for the proceeds under a building contract allegedly fraudulently appropriated. From summary judgment for plaintiff, defendant appeals. Affirmed.

*Michael Kranson,* for plaintiff.

*Richard L. Wolk,* for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

R. M. MAHER, J. Plaintiff-subcontractor brought suit in the circuit court, alleging fraudulent appropriation of contract funds under MCLA 570.151 *et seq.;* MSA 26.331 *et seq.,* the building contract fund act.[1] Summary judgment was granted plaintiff and defendant appeals.

---

[1] The preamble to the act and the act itself provide:

"AN ACT to protect the people of the state from imposition and fraud in the building construction industry and to provide penalties for the violation of this act.

"Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

"Sec. 2. Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded, and, upon conviction, shall be

The complaint states that on or about July 13, 1971, plaintiff undertook, at the request of another subcontractor, Milton J. Kuhlman, to install a paved parking lot. Plaintiff completed work on July 29, 1971. Milton Kuhlman died shortly thereafter and his son, Richard Kuhlman, defendant herein, fraudulently collected $11,300 on the construction contract and fraudulently withheld these funds contrary to the building contract fund act.

Defendant, in his answer, admitted that Milton J. Kuhlman died shortly after the work was completed but moved to strike the allegations of fraud. By way of affirmative defenses, defendant stated that he was, at all times, acting for and on behalf of the estate of his father. Defendant claimed that, as administrator, he placed all monies collected on behalf of the estate into an account in his name and that the provisions of MCLA 570.151 *et seq.;* MSA 26.331 *et seq.,* did not apply.

Plaintiff moved for summary judgment. He stated that Milton J. Kuhlman, deceased, had collected $5,000 on the construction contract on July 14, 1971, one day after plaintiff had commenced work and then died 5 days later. Plaintiff further asserted that he completed the contract on July 29, 1971 and that Richard Kuhlman, the administrator of his father's estate, requested and received payment of $11,300, in his individual capacity, on August 2, 1971. Plaintiff therefore contended that both the deceased and defendant were trustees for his benefit under MCLA 570.151

punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.

"Sec. 3. The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud."

*et seq.;* MSA 26.331 *et seq.,* in the amount of $5,687 plus interest but had fraudulently withheld payment.

Summary judgment was granted plaintiff after defendant failed to either file any opposition to the motion or appear for argument thereon. Counsel for defendant, however, explained his absence to the satisfaction of the trial court and the judge treated defendant's motion to set aside summary judgment as a motion for rehearing on the summary judgment. Then, on the strength of the Supreme Court's holding in *B F Farnell Co v Monahan,* 377 Mich 552; 141 NW2d 58 (1966), the trial court affirmed its prior ruling, stating that the monies collected by Richard Kuhlman on the construction contract had never become a part of Milton J. Kuhlman's estate but were held in trust for the benefit of the subcontractors.

On appeal, defendant does not contest that his father collected the sum of $5,000 on the contract in question prior to his death and completion of the contract, and that he, as administrator of his father's estate, saw to it that the contract was completed and collected the sum of $11,300 in payment on that contract.

The building contract fund act was enacted to provide a more effective remedy for private project subcontractors against their principal contractors. See *General Insurance Co of America v Lamar Corp,* 482 F2d 856 (CA 6, 1973). Although the act is penal in nature, the Supreme Court in *B F Farnell Co v Monahan, supra,* at 555, held that the building contract fund act created a civil remedy:

"When a statute provides a beneficial right but no civil remedy for its securance, the common law on its own hook provides a remedy, thus fulfilling law's pledge of no wrong without a remedy." (Citations omitted.)

In *Farnell,* defendant-contractor received payment for work performed under a private construction contract and filed a voluntary petition in bankruptcy while still in possession of those funds but before payment of all subcontractors. Defendant delivered the contractual payment to the trustee in bankruptcy and was subsequently discharged. Plaintiff-materialman brought suit under the building contract fund act, alleging that the receipt of those funds and their delivery to the trustee in bankruptcy constituted a fraudulent appropriation. Defendant in *Farnell* obtained summary judgment of no cause from the trial court. The Supreme Court reversed, stating that if plaintiff could prove the allegations contained in its complaint, then the funds that were turned over to the trustee in bankruptcy were never defendant's "property" within the meaning of § 70 of the bankruptcy act:

"It is clear that a contractor or subcontractor, by delivering to his trustee in bankruptcy what he himself holds as trustee under the [building contract fund act], cannot thereby defeat the common-law remedy this Court has provided in favor of those who under the act are aggrieved by his statutory violation. Whether defendant's act of turning the funds over to his trustee did or did not place such funds beyond the reach of plaintiff is beside the point. Plaintiff had the remedy it seeks to pursue, as against the defendant, when the latter retained or used the funds as charged in its complaint. That remedy was not destroyed, either by defendant's voluntary petition in bankruptcy or by his voluntary payment to the trustee in bankruptcy of that which was not his." *B F Farnell Co v Monahan, supra,* at 557–558.

We find *Farnell* to be closely analogous to the case at bar. Here, the deceased, Milton J. Kuhl-

man, collected the sum of $5,000 as primary sub-contractor on an unfinished building contract in which plaintiff was a secondary subcontractor under him. The deceased held this amount in trust for the benefit of plaintiff and other secondary subcontractors, laborers or materialmen under MCLA 570.151 *et seq.;* MSA 26.331 *et seq.* When defendant, whether as administrator of Milton J. Kuhlman's estate or in his individual capacity, collected the sum of $11,300 in payment for completing the contract, he thereby received this amount as a "subcontractor" within the meaning of the building contract fund act. Funds for building construction purposes, received by a subcontractor as a trustee under MCLA 570.151 *et seq.;* MSA 26.331 *et seq.,* do not become part of his estate when he dies, nor do they become a part of his estate because such funds are paid to the administrator of his estate.

Section 1 of the building contract fund act establishes the trust fund. Section 2 defines the statutory fraud and provides a penalty. Section 3 states what shall constitute evidence of intent to defraud. Plaintiff, in his complaint, alleges fraudulent appropriation of building contract funds by defendant in this case. Plaintiff has the remedy he seeks to pursue.

Nevertheless, did the trial court err in concluding that summary judgment was proper because of the absence of a genuine issue as to any material fact? GCR 1963, 117.2(3). Giving the benefit of any reasonable doubt to defendant in this case, summary judgment should not be granted unless the court is " 'satisfied that it is impossible for the * * * defense to be supported at trial because of some deficiency which cannot be overcome' ". *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316

(1973), quoting, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed) p 358 and 1974 Pocket Part, p 94. The motion must be supported by affidavits, which are governed by GCR 116.4, 116.5 and 116.6, and in making its determination, the court is to consider these affidavits, as well as all pleadings, depositions, admissions and documentary evidence submitted by the parties. GCR 1963, 117.3.

Plaintiff's affidavit, in support of his motion, averred that:

"[T]he plaintiff commenced his work on or about July 13, 1971; the deceased collected $5,000.00 for the benefit of the plaintiff on or about July 14, 1971; the deceased died on July 19, 1971; the contract was finished by the plaintiff on July 29, 1971, and the administrator of said estate in his individual capacity requested payment of $11,300.00 on or about August 2, 1971, and did receive said amount on the same day for the benefit of plaintiff herein."

Defendant, in his answer, admitted that the work was done by plaintiff and that defendant collected $11,300 which included charges for plaintiff's work. However, defendant claimed that in collecting those funds, he was acting as administrator of his father's estate. Defendant denied that $5,000 was collected by the deceased; a fact later admitted on appeal but not material with respect to the trial court's decision.

Plaintiff properly identified those facts which appeared to have been controverted in the pleadings but which could not be genuinely disputed. It was then defendant's obligation to show that there was evidence to make a genuine issue of disputed fact. See *Rizzo v Kretschmer, supra.* Under our

analysis of the applicable law in this case, defendant failed to make such a showing.

There was no question but that defendant collected the sum of $11,300 in payment on the building contract which included charges for plaintiff's work. It is of no matter whether defendant collected these funds as administrator of his father's estate or in his individual capacity. Defendant received the funds as a "subcontractor" within the meaning of the building contract fund act and is considered to be trustee of such funds. Defendant further admits that he placed these funds in the estate of his father before the payment by him of monies due subcontractor-plaintiff. There was no genuine issue as to any material fact.

Affirmed. Costs to plaintiff.