WILKERSON v SEDER

1. STATUTES—CRIMINAL STATUTES—CIVIL REMEDY—LEGISLATIVE IN-
TENT—PRIVATE DUTY—PUBLIC DUTY.

Legislative intent to provide a common-law civil remedy based on
a criminal statute may be inferred from the statute where the
statute creates a private duty for the benefit of particular
individuals or a class rather than a duty to the public.

2. USURY—CRIMINAL LAW—PUBLIC OBLIGATION—STATUTES—CIVIL AC-
TIONS.

The criminal usury act creates a public obligation not to engage
in usurious loan transactions and provides for remedies where
the statute is violated; therefore, no civil cause of action may
be based on the criminal usury act (MCLA 438.31c, 438.32,
438.41, 438.42; MSA 19.15[1] [c], 19.15[2], 19.15[51], 19.15[52]).

3. USURY—JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—COURT
RULES.

Summary judgment was properly granted to a defendant who
allegedly drafted a usurious promissory note where the note
and mortgage which it represents did not on their face disclose
a usurious interest rate and where none of the pleadings,
affidavits or depositions contained facts raising an issue as to
the defendant's knowledge of the interest rate (GCR 1963,
117.2[3]).

Appeal from Clare, Robert H. Campbell, J. Sub-
mitted January 9, 1978, at Lansing. (Docket No.
77-1413.) Decided March 7, 1978. Leave to appeal
denied, 402 Mich 950b.

Complaint by Joseph Wilkerson and Vesta Wilk-
erson against James Seder and John J. Hermann

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 300.
[2] 45 Am Jur 2d, Interest and Usury § 307.
[3] 61 Am Jur 2d, Pleadings § 230.

to set aside a foreclosure of a mortgage, to clear title to real estate, and for damages for violation of the usury law. Summary judgment in favor of defendant Hermann. Plaintiffs appeal. Affirmed.

*Donald W. Grant* and *Richard P. King,* for plaintiffs.

*John J. Hermann,* for defendants.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. BOYLE,* JJ.

PER CURIAM. This appeal involves a complaint against an attorney (Hermann) seeking damages based on his alleged preparation of a promissory note specifying a usurious rate of interest.[1] The trial court granted summary judgment for Hermann on the basis that the complaint failed to state a cause of action, see GCR 1963, 117.2(1), and that plaintiffs had failed to raise an issue of fact as to his knowledge of a usurious interest rate, see GCR 1963, 117.2(3).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The complaint alleged that a one-year note for $24,000 was executed in consideration for a $15,000 loan.

MCLA 438.41; MSA 19.15(51) provides:

"A person is guilty of criminal usury when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding 25% at simple interest per annum or the equivalent rate for a longer or shorter period. Any person guilty of criminal usury may be imprisoned for a term not to exceed 5 years or fined not more than $10,000.00, or both."

MCLA 438.42; MSA 19.15(52) provides:

"A person is guilty of possession of usurious loan records when, with knowledge of the contents thereof, he possesses any writing, paper, instrument or article used to record criminally usurious transactions prohibited by this act. Any person guilty of possession of usurious loan records may be imprisoned for a term not to exceed 1 year or fined not more than $1,000.00, or both."

The trial court correctly held that plaintiffs failed to state a cause of action.

Plaintiffs contend that a private civil action may be maintained on the basis of the criminal usury statute, MCLA 438.41, 438.42; MSA 19.15(51), 19.15(52). The existence of a civil cause of action based on a criminal statute is based on the presumed intention of the Legislature. See 1 CJS, Actions, § 12, p 996. Intent to provide a common-law civil remedy may be inferred from a penal statute creating a private duty for the benefit of particular individuals or a class, as opposed to a duty to the public, *Taylor v Lake Shore & Michigan Southern R Co*, 45 Mich 74 (1881). Also relevant is the absence of a statutory remedy. See *B F Farnell Co v Monahan*, 377 Mich 552, 555–556; 141 NW2d 58 (1966), *cf. National Bank of Detroit v Eames & Brown, Inc*, 396 Mich 611; 242 NW2d 412 (1976).

We find that the criminal usury act does not create a private duty toward certain individuals, but a public obligation not to engage in usurious loan transactions. Furthermore, the statute itself provides for remedies, including a defense to an action for interest, fees and costs, MCLA 438.32; MSA 19.15(2) and injunctive relief, MCLA 438.31c; MSA 19.15(1)(c). Thus, we hold that no civil cause of action may be based upon the criminal usury statute. Summary judgment under GCR 1963, 117.2(1) was proper.

We also find that plaintiff failed to raise a genuine issue as to Hermann's knowledge of the alleged usurious interest rate. The promissory note and mortgage do not on their face disclose a usurious interest rate. Furthermore, in none of the pleadings, affidavits or depositions filed are there facts raising an issue as to Hermann's knowledge

of the interest rate. See *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Summary judgment under GCR 1963, 117.2(3) was also proper.

Affirmed. Costs to appellees.