In re Roger ENGLUND d/b/a Englund Construction, Debtor.

Robert LITTLEJOHN d/b/a Delta Drywall, Plaintiff,

v.

Roger ENGLUND f/d/b/a Englund Construction, Defendant.

Bankruptcy No. 81–00038.
Adv. No. 81–0088.

United States Bankruptcy Court,
E. D. Michigan, N. D.

June 16, 1982.

Donald T. Popielarz, Saginaw, Mich., for plaintiff, Robert Littlejohn d/b/a Delta Drywall.

John J. Hebert, Bay City, Mich., for debtor/defendant Roger Englund f/d/b/a Englund Const.

MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

The Defendant in this matter filed a Petition in Bankruptcy on January 22, 1981, under Chapter 7 of the Bankruptcy Code. The first meeting of creditors was held on February 25, 1981. April 25, 1981 was fixed as the last day for filing a Complaint to Determine Dischargeability of any debt pursuant to 11 U.S.C. § 523(c).

Plaintiff filed its Complaint to Determine Dischargeability on April 24, 1981 and alleged that the debt owed to it was nondischargeable under 11 U.S.C. § 523(a)(4). The Defendant filed an answer to the Complaint and also filed a Motion for Summary Judgment on the basis that the Complaint failed to set forth a cause of action upon which relief could be granted. A hearing was held on this Motion and the Court allowed the Plaintiff time to amend its Complaint. An Amended Complaint was filed by Plaintiff on August 26, 1981. This Complaint contained the original allegation of nondischargeability under 11 U.S.C. § 523(a)(4) and also added 11 U.S.C. § 523(a)(2) as a basis for nondischargeability.

For the purposes of a motion to dismiss for failure to state a claim, "the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law

or unwarranted deductions of fact are not admitted." 2 J. Moore, Moore's Federal Practice ¶ 12.08 (2nd Ed. 1979), at 2267–69.

The pertinent facts alleged in Plaintiff's Amended Complaint are summarized at this point. The Debtor was a general contractor on a project to make improvements to a piece of land. The Plaintiff was hired by the Debtor as a subcontractor to make the improvements. The work was completed by the Plaintiff but he did not receive payment for the work performed. The owner of the land paid the Debtor for the work done. Instead of paying the Plaintiff, the Debtor appropriated the funds to his own use. The Debtor was prosecuted in state criminal proceedings on charges arising out of the misappropriation of these funds and as a result pled guilty to obtaining property by false pretenses.

This matter is presently before the Court on Defendant's Motion to Strike paragraphs 8, 9, 10 and 11 of the Amended Complaint. These paragraphs refer to the criminal prosecution of the Defendant and his subsequent plea of guilty in that matter. The Defendant contends that a prior plea of guilty is inadmissible evidence in a subsequent civil trial and, therefore, all reference to the guilty plea should be stricken from the Complaint.

In support of this contention, the Defendant cites two cases. The first case is *Wheelock v. Eyl*, 393 Mich. 74, 223 N.W.2d 276 (1974). The Michigan Supreme Court held that "a criminal conviction after trial, or plea, or payment of a fine is not admissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence." 393 Mich. 74 at 79, 223 N.W.2d 276. While *Wheelock* is directly on point as regards the issue of inadmissibility, it is not controlling. Federal courts are not bound by state court rulings on evidence.

The second case cited by the Defendant is *Control Data Corp. v. International Business Machines Corp.*, 306 F.Supp. 839, App. Denied, 421 F.2d 223, aff'd *Data Processing Financial & General Corp. v. International Business Machines*, 430 F.2d 1277 (DC Minn., 1969). *Control Data Corp.* involved the use of consent judgments as evidence in subsequent civil actions, and as such it is easily distinguishable on the facts and is not applicable to the case before the Court.

Fed.R.Evid. 410 excludes a plea of nolo contendre or a plea of guilty, which was later withdrawn, from use in any civil or criminal proceeding against the person who made the plea. But it is unclear whether a criminal plea which was not withdrawn can be used in a subsequent civil action. Neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure directly address this question, but "Unwithdrawn guilty pleas in a prior criminal case generally have been held admissible in a subsequent civil suit arising out of the same factual situation, as an admission or, sometimes as a declaration against interest. See Fed.R.Evid. 801(d)(2), 804(b)(3) (Hearsay Admissions, Statements Against Interest)." 2 Weinstein & Berger, Weinstein's Evidence ¶ 410[06] (1981) at 410–38.

The Defendant cites Fed.R.Evid. 404(b) for the proposition that the Defendant's guilty plea is inadmissible. Fed.R.Evid. 404(b) excludes evidence of a person's character or a trait of his character which attempts to show that the person acted in conformity therewith on a particular occasion. The Plaintiff is not attempting to use other crimes to show that the Defendant acted in conformity with his character on this particular occasion. Instead the Plaintiff is attempting to show that the Defendant has already admitted wrongdoing in this instance. Fed.R.Evid. 404(b) does not apply in this situation.

Although guilty pleas are generally admissible, the Court still has the discretion to determine, especially as to pleas accepted for petty crimes, "whether the deterrent factor of the penalty is sufficiently large to make the plea a reasonable trustworthy admission of guilty." 2 Weinstein & Berger, Weinstein's Evidence ¶ 410[06] at 410–39 (1981). As there is no evidence on this point presently before the Court, Defendant's Motion to Strike is DENIED, subject to renewal at trial.

Also before the Court is the Defendant Debtor's Motion to Dismiss the Amended Complaint. The Motion is based on two separate grounds. The first ground for dismissal centers around the count of nondischargeability under 11 U.S.C. § 523(a)(2) which was added by the Plaintiff in its Amended Complaint. Defendant contends that this claim is time barred. The amendment was made after the time had expired for objecting to discharge and it does not relate back to the original filing date of the Complaint.

The Plaintiff, in its Amended Complaint, referred only to 11 U.S.C. § 523(a)(2) without citing a subsection. This section has two separate and distinct exceptions to discharge under subsections (A) and (B). The Plaintiff was obviously attempting to allege an objection to discharge under 11 U.S.C. § 523(a)(2)(A) not 523(a)(2)(B) as it pled the proper elements of the former not the latter. The Defendant's Motion only addressed section 523(a)(2)(B).

■ To determine if an amended complaint relates back, the emphasis is on whether the specific conduct of the Defendant as alleged in the Amended Complaint can be identified with the original claim. See 3 J. Moore, Moore's Federal Practice 15.15[3], (2d Ed. 1980), pp. 15–196–205. The Court agrees with the Defendant that if the Plaintiff had pled under 11 U.S.C. § 523(a)(2)(B), the claim would not relate back. However, the Plaintiff chose to rely on section 523(a)(2)(A).

■ To state an exception to discharge under Section 523(a)(2)(A) the Plaintiff must allege that money, property, or services, or an extension, renewal or refinancing of credit was obtained by false pretenses, a false representation, or actual fraud. The conduct of Defendant required by this exception to discharge is identifiable within the allegations of the original Complaint. Therefore, Defendant's Motion to Dismiss on this ground is DENIED.

The Defendant's second ground for dismissal alleges that as to the exception to discharge pled by Plaintiff under section 523(a)(4), Plaintiff has failed to state a cause of action upon which relief can be granted. 11 U.S.C. § 523(a)(4) excepts from discharge any debt of an individual debtor "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Debtor contends that the Plaintiff failed to properly allege a fiduciary relationship between the Plaintiff and the Debtor.

Plaintiff alleged that a fiduciary relationship existed between the Plaintiff and the Defendant based on their contractor/subcontractor relationship and that this fiduciary relationship between contractors and subcontractors is created by the Michigan Building Contract Fund Act, M.C.L.A. §§ 570.151–570.153, M.S.A. §§ 26.331–26.-333. The Act reads:

"570.151 Building contract fund; status as a trust fund.

Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes . . .

570.152 Same; fraudulent detention or use by contractor or subcontractor, penalty

Sec. 2. Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the

complaint of any persons so defrauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.

570.153 Same; evidence of fraudulent detention or use

Sec. 3. The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud." M.C.L.A. §§ 570.151–570.153; M.S.A. §§ 26.331–26.333, as amended.

While the Act is a penal statute, it has been held by the Michigan Supreme Court to provide a civil remedy. *B. F. Farnell Co. v. Monahan*, 377 Mich. 552, 141 N.W.2d 58 (1966). The defrauded subcontractor, materialmen or other person entitled to payment under the statute may obtain a civil judgment against the contractor for misappropriation of the trust funds.

The Debtor argues that the fiduciary relationship created by the Michigan Building Contractors Fund Act is not the type of fiduciary relationship envisioned by 11 U.S.C. § 523(a)(4).

"The term 'fiduciary' relationship under this section has been consistently construed as limited to express trusts and not to trusts imposed ex malificio—that is, trusts imposed because of an act of wrongdoing out of which the debt arose—or to trusts implied by law from contracts." *In re Thornton*, 544 F.2d 1005, 1007 (9th Cir. 1976); 3 Colliers 423.-14, pp. 523–19 to 104.

Although *Thornton* was decided under the Bankruptcy Act, Section 17(a)(4), former 11 U.S.C. § 35(a)(4) (1976) current version at 11 U.S.C. § 523(a)(4) (Supp. III 1979), it is still precedent for the case at bar. The language of the two sections governing defalcation while acting in a fiduciary capacity is almost identical under the Bankruptcy Code and the Bankruptcy Act.

Therefore, the case law construing Section 17(a)(4) of the Bankruptcy Act should be followed in interpreting section 523(a)(4) of the Bankruptcy Code. *In re Paley*, 8 B.R. 466 (Bkrtcy. ED N.Y.1981).

The Michigan Building Contractors Fund Act does create an express trust. For a trust to be considered an express trust, it must possess the following general characteristics: 1) an explicit declaration of trust; 2) a clearly defined trust res; and 3) an intent to create a trust. *Matter of Kawczynski*, 442 F.Supp. 413, 417 (WD N.Y. 1977); *In re Thornton*, supra. On examination of the Michigan statute, it is clear that it contains these three characteristics and that an express trust is created by the statute. The courts in Michigan and elsewhere have also construed the Michigan Building Contractors Fund Act as an express trust. See *Selby v. Ford Motor Company*, 590 F.2d 642 (6th Cir. 1979); *Reiter v. Kuhlman*, 59 Mich.App. 54, 228 N.W.2d 830 (1975); *B. F. Farnell Co. v. Monahan*, 377 Mich. 552, 141 N.W.2d 58 (1966); *In re Barker*, 14 B.R. 852 (Bkrtcy. ED Tenn., 1981).

The Debtor relies on the case of *In re Pedrazzini*, 644 F.2d 756, 7 BCD 1167 (9th Cir. 1981). While the facts in *Pedrazzini* are similar to the facts in this case, the Court in *Padrazzini*, after a review of the cases in this area, held that the California statute upon which the creditor relied did not create a true fiduciary relationship between the parties.

The California statute relied upon by the creditor prescribed "disciplinary action for a contractor who diverts funds intended for completion of a project or portion of a project, and for a contractor who fails to pay subcontractors within ten days of the receipt of a progress payment." 644 F.2d at 758, 7 BCD at 1168. The Ninth Circuit Court of Appeals held that the California statute did not create the basic elements of a trust and therefore no fiduciary relationship was created by the statute between the parties.

The *Pedrazzini* court did, however, recognize that some statutes do create true fidu-

ciary relationships in the owner-contractor-subcontractor context. The Michigan Building Contractors Trust Fund Act, M.C.L.A. §§ 570.151–570.153; M.S.A. §§ 26.331–26.333 is one such statute and is distinguishable from *Pedrazzini* on that basis.

This Court holds, therefore, that a fiduciary relationship is created by the Michigan statute and that this fiduciary relationship falls within the scope of 523(a)(4), but such a holding is limited by the decision of the district court in *In re Trimble*, 1 BCD 1276 (DC ED Mich.1975).

*Trimble* was an appeal from the ruling by a bankruptcy judge that the debt of a contractor was dischargeable in bankruptcy. The District Court specifically did not address the issue of whether or not the trust created by the Michigan statute was of a type contemplated by Section 17(a)(4) of the Bankruptcy Act. However, the Court did address whether there was a violation of the Michigan Builders Trust Fund Act. The Court acknowledged that while Michigan case law has "allowed the creation of a trust for purposes of a civil action although arising under a penal statute . . . it is implied that the remedy is limited to the statutory violation of 'intent to defraud' . . . The broader conduct prohibited under the Bankruptcy Act (defalcation) was not prescribed (sic) under the Michigan statute. Therefore, because the trust was imposed by the Michigan statute, the bankrupt's conduct in breaching the trust was judged by the standards of 'intent to defraud.' " 1 BCD 1276 at 1277. To succeed on a complaint of the type before the Court, the creditor is going to have to prove that the Debtor had the intent to defraud his creditors when he misappropriated funds that were the res of the trust.

Based on the above rationale, the Plaintiff has stated a cause of action. Therefore, Defendant's Motion to Dismiss as well as the Motion to Strike are hereby DENIED.

IT IS SO ORDERED.