WEATHERVANE WINDOW, INC v WHITE LAKE CONSTRUCTION
COMPANY

Docket No. 121348. Submitted March 13, 1991, at Grand Rapids.
Decided December 27, 1991, at 9:30 A.M.

Weathervane Window, Inc., brought an action in the Muskegon
Circuit Court against White Lake Construction Company and
others, alleging that it was a subcontractor to general contrac-
tor White Lake on projects developed by American Adventures,
Inc., and seeking payment on its contract with White Lake.
Before Weathervane filed its action, a petition for American
Adventures' bankruptcy was filed. White Lake filed a claim in
that bankruptcy proceeding as a secured creditor under its
construction lien and assigned part of the claim to Weather-
vane. White Lake and Weathervane stipulated the eventual
entry of a consent judgment in favor of Weathervane if Weath-
ervane did not receive payment by a certain date. White Lake
itself subsequently filed for bankruptcy; however, before the
Muskegon Circuit Court received notice of the automatic stay,
it entered the proposed consent judgment when Weathervane
did not receive payment by the agreed date. In the bankruptcy
proceeding of American Adventures, White Lake received a
distribution as a general unsecured creditor and deposited it
with the Shelby State Bank. Weathervane, in an attempt to
enforce the consent judgment, sought garnishment of the
Shelby State Bank account. In White Lake's bankruptcy pro-
ceeding, the judge determined that the distribution taken by
White Lake from the bankruptcy estate of American Adven-
tures was not part of White Lake's bankruptcy estate and that
it was held by White Lake in trust pursuant to the builder's
trust fund act to the extent needed to pay subcontractors and
materialmen, all of whom, except for Weathervane, agreed to
take a pro-rata share of the distribution in satisfaction of their
claims against White Lake. One of White Lake's other subcon-
tractors petitioned the Muskegon Circuit Court for the appoint-

REFERENCES

Am Jur 2d, Bankruptcy § 1641; Receivers §§ 15, 19-21.
See the Index to Annotations under Bankruptcy and Insolvency;
Building and Construction Contracts and Works; Mechanics'
Liens; Receivers.

ment of a receiver to facilitate a pro-rata distribution of the funds received by White Lake from American Adventures. The circuit court, Michael E. Kobza, J., appointed a receiver, consolidated the receivership proceeding with Weathervane's action, dismissed Weathervane's garnishment action, and approved a pro-rata distribution by the receiver. Weathervane appealed, challenging the appointment of a receiver and asserting that it had a right to the funds superior to that held by the other subcontractors and materialmen because of its assignment, consent judgment, and garnishment action.

The Court of Appeals *held:*

1. A circuit court may appoint a receiver where allowed by law or where the facts and circumstances justify appointment in order to afford equitable relief. In this case, the appointment of a receiver was justified by the need to make an equitable distribution of funds held in trust by White Lake for the benefit of its subcontractors and materialmen.

2. White Lake's assignment to Weathervane of its construction lien claim against American Adventures did not provide Weathervane with a superior right to the funds White Lake received in American Adventures' bankruptcy proceeding, because White Lake's construction lien claim was defeated by a prior secured claim that took precedence and White Lake received the funds as a general unsecured creditor.

3. Because Weathervane sought entry of the consent judgment against White Lake and garnishment of White Lake's funds after White Lake had filed for bankruptcy, the consent judgment and garnishment action violated the automatic stay of bankruptcy and were voidable at the option of White Lake or White Lake's bankruptcy trustee. White Lake expressed its intent to void the consent judgment and the garnishment action in the letter it sent to the circuit court informing the court of its filing for bankruptcy and seeking a pro-rata distribution of the funds.

4. The pro-rata distribution represented the most equitable distribution of the funds under the circumstances of this case.

Affirmed and remanded for vacation of consent judgment.

1. COURTS — JURISDICTION — RECEIVERS — EQUITY.

A circuit court has jurisdiction to appoint a receiver in all cases pending before it in which appointment of a receiver is allowed by law and in cases in which the facts and circumstances render the appointment of a receiver an appropriate exercise of the court's equitable jurisdiction (MCL 600.2926; MSA 27A.2926).

2. BANKRUPTCY — TRUSTS — CONTRACTORS — BUILDERS' TRUST FUND
   ACT.
   Funds received from a distribution of a construction debtor's
   bankruptcy estate by a general contractor that is also undergo-
   ing bankruptcy are not part of the general contractor's bank-
   ruptcy estate and are subject to the statute that provides that a
   building contract fund paid to a contractor or subcontractor is
   a trust fund for the benefit of the person making the payment,
   contractors, laborers, subcontractors, or materialmen (MCL
   570.151; MSA 26.331).

*Donald R. Visser,* for Weathervane Window, Inc.

*David R. Marra,* for the receiver David R. Marra.

*John R. Grant,* for Standale Lumber & Supply Company.

Before: SHEPHERD, P.J., and SAWYER and REILLY, JJ.

REILLY, J. Plaintiff, Weathervane Window, Inc., appeals from two orders entered in an action in the Muskegon Circuit Court in which a receiver was appointed: (1) an order determining claimants, determining amounts of claims allowed, and approving a plan of distribution; and (2) an order denying Weathervane's motion for distribution of funds and motion to rescind the ex parte order for appointment of a receiver. We affirm.

Weathervane, Standale Lumber and Supply, and K & G Electric were among approximately two dozen subcontractors and materialmen that worked on two jobs in 1985 under a general contractor, White Lake Construction Company, for its client American Adventures, Inc. American Adventures did not pay White Lake, who in turn did not pay its subcontractors. White Lake filed a claim in the Chapter 11 bankruptcy proceedings

pending in the State of Washington against American Adventures, seeking $242,252.64 as a secured creditor by virtue of a previously filed construction lien. While that case was pending, on August 22, 1986, Weathervane filed an action in the Muskegon Circuit Court against White Lake for $13,353.10 alleged to be owed under its subcontract.

On August 21, 1986, the day before the filing of Weathervane's action, Weathervane and White Lake stipulated a consent judgment to be entered on October 1, 1987, in favor of Weathervane if full payment of Weathervane's claim was not made before that date. Under both the stipulation and the proposed consent judgment, White Lake agreed that it would hold in trust for Weathervane any partial payments received from American Adventures until the consent judgment was satisfied. On the same day, White Lake also executed an assignment to Weathervane of its construction lien rights against American Adventures to the extent of Weathervane's claim, as further security for the debt. Because payment was not made, the consent judgment was entered on October 1, 1987.

However, on July 9, 1987, before the entry of the consent judgment, White Lake filed a Chapter 11 petition in the United States Bankruptcy Court for the Western District of Michigan. On October 21, 1987, White Lake's attorney notified the Muskegon Circuit Court that an automatic stay of all proceedings had been issued upon the filing of the bankruptcy petition, and that the consent judgment should not be entered. The circuit court took no further action with respect to the consent judgment.

In September of 1988, as a result of its claims in American Adventures' bankruptcy proceeding, White Lake received, as a general unsecured credi-

tor, a 16.2 percent interim distribution amounting to $39,244.93. After payment of attorney fees, the net amount of $36,476.56 was deposited in the Shelby State Bank. In spite of White Lake's bankruptcy petition and the automatic stay, Weathervane sought to enforce its consent judgment by making several attempts to garnishee the funds held by Shelby State Bank for White Lake. In January 1989, the bank disclosed that it had a debtor in possession account for White Lake in the amount of $36,476.56. Two other accounts were also held, with funds totaling $2,749.11.

On January 30, 1989, the bankruptcy court hearing White Lake's petition issued, on White Lake's motion, an order directing disposition of the monies White Lake had received from American Adventures. The court agreed with White Lake that the $36,476.54, certain stock certificates, and any future payments from the bankruptcy estate of American Adventures were impressed with a trust pursuant to the Michigan builders' trust fund act (MBTFA), MCL 570.151 *et seq.*; MSA 26.331 *et seq.*, to the extent needed to pay the subcontractors and materialmen. Therefore, that money and stock were not part of White Lake's bankruptcy estate. In its written opinion, the court stated that all the creditors except Weathervane had agreed to a pro-rata distribution, that Standale reserved the right to seek full payment if Weathervane received more than its pro-rata share, and that Weathervane's claim that it should get full, as opposed to pro-rata, payment for its share was based purely on state law. The court abstained from resolving the dispute. In addition, the court authorized K & G to seek the appointment of a receiver for the trust funds in state court and ordered White Lake to tender to the receiver, free

of the automatic stay, all funds and stock received by it from American Adventures.

On February 1, 1989, pursuant to the directive of the bankruptcy court, K & G petitioned the Muskegon Circuit Court for the appointment of a receiver to hold the funds until the claims of the various subcontractors and materialmen, including Weathervane, could be determined. On the same day, David W. Marra was appointed as receiver under an ex parte order. Weathervane, White Lake, and David Marra then stipulated that the garnishment action should be dismissed and that the funds held by the bank should be paid to Mr. Marra pending resolution of the claims. It was acknowledged that Weathervane would not waive any of its rights as a judgment creditor, garnishor, or assignee. The court entered an order pursuant to that stipulation on March 15, 1989.

Weathervane's subsequent motion to rescind the ex parte order for appointment of a receiver was denied. The receivership proceeding was then consolidated with the contract action previously filed by Weathervane. Next, Weathervane objected to the receiver's proposed pro-rata distribution and moved for distribution of the funds in accordance with its rights as a judgment creditor, garnishor, and assignee. The trial court rejected Weathervane's challenge and ordered pro-rata distribution to all the claimants. The court reasoned that it would be inconsistent with the purpose of the MBTFA to allow one of several claimants to recover in full merely because that claimant acted first. The court was satisfied that White Lake had no claim to the funds it had received from American Adventures other than as trustee for the builders trust fund and that the stipulated agreement and assignment between Weathervane and White Lake was immaterial because White Lake could not

assign funds that belonged to the trust fund to pay its corporate debts. On September 14, 1989, the court entered orders approving the receiver's pro-rata plan of distribution and denying Weather-vane's motion to distribute funds and to rescind the ex parte order appointing the receiver. Plaintiff appeals as of right from those orders.

I

Plaintiff first contends that the appointment of a receiver was an inappropriate exercise of the trial court's equitable jurisdiction because there was no pending suit to which K & G's petition could be considered ancillary and the circumstances did not warrant it. We disagree. The power to appoint receivers is inherent in courts of equity. *Michigan Minerals, Inc v Williams,* 306 Mich 515; 11 NW2d 224 (1943). A receiver may be appointed where necessary to prevent fraud or to protect property against imminent danger of loss. 65 Am Jur 2d, Receivers, § 27, p 879. The primary purpose of a receiver is to preserve property and to dispose of it under order of the court. *Band v Livonia Associates,* 176 Mich App 95; 439 NW2d 285 (1989). Circuit judges, in the exercise of their equitable powers, may appoint receivers in all cases pending where appointment is allowed by law. MCL 600.2926; MSA 27A.2926. The phrase "allowed by law" is not limited to situations where appointment of a receiver is provided for by statute. It also refers to those cases where the facts and circumstances justify appointment of a receiver in order to afford equitable relief. *Band, supra* at 105. A court has the basic responsibility of enforcing its own orders and has considerable discretion in choosing the means to be employed. *Id.*

We conclude that the appointment of a receiver

in response to K & G's petition was a proper exercise of the circuit court's equitable jurisdiction. K & G requested that all the subcontractors and materialmen be allowed to file claims for the funds held in trust by White Lake and asked the court to determine the appropriate distribution of that money. The appointment of the receiver was ancillary to the relief sought. *Petitpren v Taylor School Dist,* 104 Mich App 283, 296; 304 NW2d 553 (1981). The appointment was also an appropriate response to the directive of the bankruptcy court after the automatic stay was lifted and several creditors sought a pro-rata share of the trust funds and one sought full payment of its consent judgment granted in another case in the same circuit court. We find no abuse of discretion.

## II

Next, Weathervane contends that the trial court erred in denying its motion to disburse the monies that White Lake had received from American Adventures. Weathervane claims it had a right to payment that was superior to the claims of the other subcontractors and materialmen. We disagree.

First, we reject Weathervane's argument that the 1986 assignment of White Lake's construction lien rights against American Adventures entitles Weathervane to the funds received by White Lake from its successful claim in the bankruptcy proceedings concerning American Adventures. White Lake's claim as a secured creditor under its construction lien was defeated because the superior claim of a prior secured creditor took precedence. The parties agree that White Lake's share of American Adventures' bankruptcy estate was allowed because of White Lake's status as a general unsecured creditor.

Second, we reject Weathervane's contention that it is entitled to first payment from the proceeds received by White Lake because its consent judgment and subsequent garnishment proceedings were not affected by White Lake's bankruptcy proceedings. Weathervane argues that even if the consent judgment and garnishment action are in violation of the automatic stay, they are not void, but are only voidable at the option of the trustee or debtor in bankruptcy. Further, Weathervane claims that the receiver has no standing to attack the consent judgment. *In Re Brooks*, 79 Bankr 479 (CA 9, 1987). Weathervane contends that neither the trustee nor the debtor, White Lake, has voided the consent judgment and, therefore, it should be able to exercise its rights as a judgment creditor. We disagree.

While the consent judgment was never declared void by the bankruptcy court or the circuit court, we believe that the debtor's intent to void the consent judgment was evidenced by its attorney's letter to the circuit court on October 21, 1987, and by White Lake's motion for distribution in the bankruptcy court. In that motion, White Lake stated that funds received from American Adventures are subject to the MBTFA and, "consequently, are impressed with a trust for the benefit of the afore described . . . subcontractors, suppliers, laborers and materialmen, and that [White Lake] should be allowed to pay the aforesaid amount to said creditors on a pro rata basis." Implicit in the circuit court's distribution order providing pro-rata shares to each creditor was a recognition that the consent judgment and subsequent judgment creditor proceedings were voided by reason of the debtor's request that the funds be distributed to all the creditors, including Weathervane, on a pro-rata basis.

Finally, we are convinced that any monies received from American Adventures as payment to White Lake for the construction projects were impressed with a trust under the MBTFA for the benefit of all the workers and suppliers on that project. *Nat'l Bank of Detroit v Eames & Brown, Inc,* 396 Mich 611; 242 NW2d 412 (1976).

The MBTFA provides in part:

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes. [MCL 570.151; MSA 26.331.]

Because the act is remedial, it is to be construed liberally for the advancement of the remedy. *People v Miller,* 78 Mich App 336; 259 NW2d 877 (1977). The act provides a civil as well as a criminal remedy. *B F Farnell Co v Monahan,* 377 Mich 552; 141 NW2d 58 (1966). The purpose of the act is to create a trust fund for the benefit of materialmen and others under private construction contracts. *Nat'l Bank of Detroit v Eames, supra* at 622. The contractor holds the money paid for the construction project as a trustee. The money is not part of the general contractor's assets under the bankruptcy act. *B F Farnell Co , supra* at 557-558; *Selby v Ford Motor Co,* 590 F2d 642 (CA 6, 1979). The primary duty of the trustee is to ensure that trust funds are spent on the particular project for which the trust funds were deposited. As trustee, the contractor owes a fiduciary duty to the beneficiaries to exercise proper and honest judgment,

considering the nature and object of the trust. *Miller, supra* at 345.

Although the statute provides no direction, we agree with the trial court that the most equitable method of distribution of the trust funds under the circumstances presented here is to treat all the beneficiaries equally. Cf. *Bishop Distributing Co v Safeco Title Ins Co,* 130 Mich App 791; 344 NW2d 593 (1983). Because Weathervane had no viable claim that was superior to the claims of the other trust beneficiaries, the trial court, in the exercise of its equitable powers, properly refrained from giving preference to Weathervane. We therefore reject Weathervane's claim that, because it zealously defended its rights in bankruptcy court and was diligent in pursuing its rights in the state court, it should be given preference over the other beneficiaries under the MBTFA.

Affirmed. Remanded for the entry of an order vacating the consent judgment.