DiPONIO CONSTRUCTION COMPANY, INC v
ROSATI MASONRY COMPANY, INC

Docket No. 218426. Submitted January 10, 2001, at Detroit. Decided May 15, 2001, at 9:15 A.M. Leave to appeal denied, 465 Mich 896.

DiPonio Construction Company, Inc., brought an action in the Oakland Circuit Court against Rosati Masonry Company, Inc., and Paolo Rosati, seeking funds allegedly due and owing for labor and materials supplied by the plaintiff while it was a subcontractor of the defendant company with respect to a construction project for which Walbridge-Aldinger was the general contractor. In October 1993, Walbridge-Aldinger issued a check in payment for labor and materials, payable jointly to the plaintiff and the defendant company. At that time the defendant company owed the plaintiff for labor and materials that had been supplied to the Walbridge-Aldinger construction project. The individual defendant asked the plaintiff to endorse the joint check and promised that he would pay the plaintiff the amount owed. The plaintiff endorsed the check, and the defendants subsequently refused to pay the plaintiff any funds from that check. The plaintiff's August 1998 complaint sought recovery on several different theories, including violation of the Michigan builders' trust fund act, MCL 570.151 *et seq*. The defendants moved for summary disposition on the basis that the claims were barred by the expiration of statutory limitation periods. The court, Fred M. Mester, J., granted summary disposition for the defendants, holding that the applicable limitation period for the claim of violation of the builders' trust fund act was the three-year limitation period for injuries to persons or property, currently found in MCL 600.5805(9). The plaintiff appealed, challenging the trial court's decision regarding the statute of limitations applicable to the claim brought under the builders' trust fund act.

The Court of Appeals *held*:

1. The plaintiff is incorrect in its assertion that an action brought under the builders' trust fund act is an action for fraud. Although the builders' trust fund act does speak of fraud and the intent to defraud, a plaintiff bringing a civil action under the builders' trust fund act need not allege or prove that a contractor made any type of misrepresentation. Accordingly, a civil action brought under the

builders' trust fund act does not sound in fraud and, thus, is not subject to the six-year limitation period of MCL 600.5813 on the basis of being an action for fraud.

2. The defendants are incorrect in their assertion than an action brought under the builders' trust fund act is an action for a breach of contract. Because a contractor or subcontractor may remain in compliance with the terms of the construction contract while simultaneously violating the builders' trust fund act, a civil action brought under the builders' trust fund act does not sound in breach of contract and, thus, is not subject to the six-year limitation period of MCL 600.5807(8).

3. The defendants are also incorrect in their assertion that an action brought under the builders' trust fund act is an action involving an injury to persons or property that is subject to the three-year limitation period of MCL 600.5805(9). The limitation period of MCL 600.5805(9) is applicable to tort actions originating in the common law. An action brought under the builders' trust fund act is not a traditional common-law tort and, thus, is not subject to the limitation period of MCL 600.5805(9).

4. A civil action arising from a statutory violation is subject to the six-year limitation period of MCL 600.5813 if the statute that is violated does not provide a limitation period. The builders' trust fund act, while prohibiting certain conduct and imposing a criminal penalty, does not specifically provide for a civil cause of action or provide a limitation period. Accordingly, because the plaintiff's civil cause of action for violation of the builders' trust fund act arises from a statutory violation, the six-year limitation period of § 5813 is the applicable limitation period.

5. A civil cause of action brought for a violation of the provisions of the builders' trust fund act accrues when a contractor or subcontractor fails to pay from proceeds that are received for a specific project any amounts owed to the laborers, subcontractors, or materialmen who supplied labor or materials to the project for which the proceeds were received. Because the defendant received the proceeds from the general contractor in October 1993, the plaintiff's cause of action accrued at that time. Accordingly, the plaintiff's action, commenced in August 1998, was timely brought.

Reversed.

1. LIMITATION OF ACTIONS — BUILDERS' TRUST FUND ACT.

A civil action brought for a violation of the provisions of the builders' trust fund act is subject to the six-year limitation period applicable to all personal actions for which there is no different period provided by statute (MCL 157.151 et seq.; 600.5813).

2. Actions — Accrual of Actions — Builders' Trust Fund Act.

> A civil cause of action brought for a violation of the provisions of the builders' trust fund act accrues when a contractor or subcontractor fails to pay from proceeds that are received for a specific project any amounts owed to the laborers, subcontractors, or materialmen who supplied labor or materials to the project for which the proceeds were received (MCL 157.151 *et seq.*).

*Grylls, Facca, Richter & Pregler, P.C.* (by *Christen E. Zinn*), for the plaintiff.

*Rosati Associates, P.C.* (by *A. D. Rosati*), for the defendant.

Before: Zahra, P.J., and Smolenski and Gage, JJ.

Smolenski, J. In this civil action brought under the Michigan builders' trust fund act, MCL 570.151 *et seq.*, plaintiff appeals as of right from the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(7). The trial court applied the three-year statute of limitations set forth in MCL 600.5805(9)[1] and found that plaintiff's claim was time-barred. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rosati Masonry Company (Rosati Masonry) engaged plaintiff, DiPonio Construction Company, as its subcontractor on various construction projects. One of those projects involved Walbridge-Aldinger as the general contractor. In October 1993, Walbridge issued a $51,000 check in payment for labor and

---

[1] When plaintiff filed the instant suit, the three-year limitation period governing "all other actions" to recover damages "for injury to a person or property" was contained in subsection 8. That provision is currently contained in subsection 9. See 2000 PA 3. For the sake of clarity, we will refer to this provision as MCL 600.5805(9).

materials, jointly payable to Rosati Masonry and plaintiff. At that time, Rosati Masonry owed plaintiff approximately $40,000 for labor and materials provided on that project. Paolo Rosati (Rosati), a shareholder, officer, and director of Rosati Masonry, asked plaintiff to endorse the joint check and promised that he would pay plaintiff the amount owed. Although plaintiff endorsed the joint check from Walbridge, defendants subsequently refused to pay plaintiff any funds from that check.[2]

On August 19, 1998, plaintiff filed a complaint against defendants, proceeding on four counts: breach of contract, unjust enrichment, promissory estoppel, and violation of the Michigan builders' trust fund act. Defendants filed a motion for summary disposition under MCR 2.116(C)(7), arguing that statutory limitation periods barred all four counts. The circuit court agreed, granting defendants' motion and dismissing plaintiff's complaint. Plaintiff appeals as of right, challenging the trial court's decision regarding the statute of limitations applicable to civil claims brought under the builders' trust fund act.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *Diehl v Danuloff*, 242 Mich App 120, 122-

---

[2] When reviewing a trial court's decision granting a motion for summary disposition under MCR 2.116(C)(7), we must accept the nonmoving party's well-pleaded allegations as true and construe those allegations in the nonmovant's favor. *Diehl v Danuloff*, 242 Mich App 120, 123; 618 NW2d 83 (2000); *Shawl v Dhital*, 209 Mich App 321, 323-324; 529 NW2d 661 (1995). For the purpose of this opinion, we have therefore accepted plaintiff's allegations as true.

123; 618 NW2d 83 (2000). Further, whether plaintiff's claim is statutorily time-barred is a question of law for this Court to decide de novo. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340-341; 573 NW2d 637 (1997). The applicable limitation period for a civil action brought under the Michigan builders' trust fund act appears to be a question of first impression in this state. Because we conclude that the six-year limitation period provided in MCL 600.5813 applies to plaintiff's cause of action, we reverse.

### III. BUILDERS' TRUST FUND ACT

The builders' trust fund act applies to those funds paid to contractors and subcontractors for products and services provided under construction contracts. The three-section act provides, in its entirety:

Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

Sec. 2. Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of a felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so de-

frauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.

Sec. 3. The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due 'or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud. [MCL 570.151-570.153.]

The builders' trust fund act is a penal statute that does not expressly provide a civil cause of action. However, our Supreme Court has long recognized a civil cause of action for violation of the provisions of the act.[3] In *B F Farnell Co v Monahan*, 377 Mich 552, 555; 141 NW2d 58 (1966), the Court cited the long-standing principle that "[w]hen a statute provides a beneficial right but no civil remedy for its securance, the common law on its own hook provides a remedy, thus fulfilling law's pledge of no wrong without a remedy." The Court therefore recognized a "common-law remedy" in favor of those aggrieved by a contractor or subcontractor's violation of the act. *Id.* at 557. The Court has twice reaffirmed that decision. *In re Certified Question*, 411 Mich 727, 732; 311 NW2d 731 (1981); *Nat'l Bank of Detroit v Eames & Brown, Inc*, 396 Mich 611, 620-621; 242 NW2d 412 (1976).[4]

---

[3] Defendants' brief implies, but does not expressly argue, that plaintiff lacks a civil cause of action for violation of the builders' trust fund act because the statute does not expressly provide such a cause of action. Because Michigan appellate courts have recognized this civil cause of action for approximately thirty-five years, defendants' argument is without merit.

[4] *In re Certified Question, supra* at 732, recognized the right to bring a civil cause of action under the act but limited that cause of action to private construction contracts.

The prima facie elements of a civil cause of action brought under the act include (1) the defendant is a contractor or subcontractor engaged in the building construction industry, (2) a person paid the contractor or subcontractor for labor or materials provided on a construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project. MCL 570.151 *et seq.*

The builders' trust fund act "was originally passed in 1931 as a depression-era measure to afford additional protection to subcontractors and materialmen." *People v Miller*, 78 Mich App 336, 342; 259 NW2d 877 (1977). During that era, builders often undertook construction projects that were larger than their ability to finance. *Id.* Therefore, builders often paid suppliers and materialmen on older projects with the funds received on more current operations. *Id.* When difficult economic times arrived, the builders became insolvent and many subcontractors and materialmen were never paid. *Id.* "In light of this history, it is clear that the design of the act is to prevent contractors from juggling funds between unrelated projects." *Id.*

The civil cause of action that exists under the act supplements those remedies provided by the mechanics' lien statute, MCL 570.185 *et seq.*:

> The purpose of the Act is to create a trust fund for the benefit of materialmen and others under private construction contracts. This is in addition to the rights granted pursuant to the mechanics' lien statute. They are two separate protections, providing two distinct avenues of relief to the unpaid laborers and materialmen. Any other interpretation

would render one of these statutes superfluous. [*Nat'l Bank, supra* at 622 (citations omitted).]

Because the builder's trust fund act is remedial in nature, it should be construed liberally for the advancement of the remedy. *Weathervane Window, Inc v White Lake Constr Co*, 192 Mich App 316, 325; 480 NW2d 337 (1991); *Miller, supra* at 343.

## IV. APPLICABLE LIMITATION PERIOD

The parties urge this Court to apply several different limitation periods to plaintiff's civil cause of action. Plaintiff advocates the six-year limitation period found in MCL 600.5813. Defendants advocate either the six-year limitation period found in MCL 600.5807(8) or the three-year limitation period found in MCL 600.5805(9). The trial court applied the three-year limitation period provided in MCL 600.5805(9). Because we conclude that plaintiff's civil cause of action is governed by the six-year limitation period found in § 5813, we reverse.

### A. FRAUD

Plaintiff argues that the limitation period traditionally applicable to fraud claims should apply to civil actions brought under the builders' trust fund act, citing three separate instances where the act refers to fraud. First, plaintiff notes that the object-title clause of the act states that the act is designed "to protect the people ·of the state from imposition and fraud in the building construction industry." Second, plaintiff notes that the statute penalizes those contractors and subcontractors who act "with intent to defraud." MCL 570.152. Third, plaintiff notes that the statute outlines

those actions on the part of the contractor or subcontractor that shall be considered as "evidence of intent to defraud." MCL 570.153. Plaintiff concludes that a civil cause of action under the statute sounds in fraud and is therefore governed by the six-year limitation period found in § 5813.

Defendant argues that a civil cause of action brought under the builders' trust fund act does not sound in fraud because the prima facie elements of that cause of action do not include the traditional elements of a fraud claim. In *M&D, Inc v McConkey*, 231 Mich App 22, 26-27; 585 NW2d 33 (1998), this Court held that a plaintiff can utilize three different theories to establish fraud: (1) traditional common-law fraud, (2) innocent misrepresentation, and (3) silent fraud.[5] In that case, this Court held that traditional common-law fraud consists of the following elements:

> "As a general rule, actionable fraud consists of the following elements: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." [*Id.* at 27.]

We agree with defendant that a plaintiff is not required to prove, in order to state a prima facie claim under the builders' trust fund act, that the defendant committed any type of misrepresentation. A contractor's failure to pay subcontractors and mate-

---

[5] Plaintiff appears to argue that a civil cause of action under the builders' trust fund act sounds in traditional common-law fraud, not innocent misrepresentation or silent fraud.

rialmen may frequently be accompanied by misrepresentations about whether and when the contractor will make the payments due. However, in order to state a civil cause of action under the builders' trust fund act, a plaintiff need only show that the contractor received payment for building construction purposes and that the contractor retained or used those funds "for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement . . . ." MCL 570.152. Because a plaintiff need not allege or prove that a contractor made any type of misrepresentation, we conclude that a civil action under the Michigan builders' trust fund act does not sound in fraud.

### B. BREACH OF CONTRACT

Defendants argue that the limitation period traditionally applicable to breach of contract claims should apply to civil actions brought under the builders' trust fund act. Defendant argues that an action under the statute "is dependent upon an existing contract debt" and therefore is an action "to recover damages or sums due for breach of contract." Defendant concludes that a civil cause of action under the statute is governed by the six-year limitation period found in MCL 600.5807(8), which governs "all other actions to recover damages or sums due for breach of contract."

The text of the builders' trust fund act does not support defendant's argument that the action is one for breach of contract. The statute prohibits a contractor or subcontractor from "appropriating such funds to his own use while any amount for which he

may be liable *or become liable under the terms of his contract for such labor or material* remains unpaid." MCL 570.152 (emphasis added). Further, the statute provides that evidence of the contractor's intent may be shown by the contractor's appropriation "of any moneys paid to him for building operations before the payment by him of all moneys *due or so to become due* laborers, subcontractors, materialmen or others entitled to payment . . . ." MCL 570.153 (emphasis added). Therefore, it is clear that a contractor or subcontractor may remain in compliance with the terms of its construction contracts while simultaneously violating the builders' trust fund act. Because the civil cause of action under the statute does not sound in breach of contract, MCL 600.5807(8) does not provide the applicable limitation period.

### C. INJURY TO PERSONS OR PROPERTY

In the alternative, defendants argue that the three-year limitation period traditionally applicable to actions involving injury to persons or property, MCL 600.5805(9), should apply to civil actions brought under the builders' trust fund act. Defendants cite *Huhtala v Travelers Ins Co*, 401 Mich 118; 257 NW2d 640 (1977), for the proposition that all tort actions originating in the common law are governed by the three-year limitation period set forth in MCL 600.5805(9). Defendants further cite *B F Farnell, supra* at 557, for the proposition that the civil cause of action under the builders' trust fund act is a creature of common law. Therefore, defendant argues that this Court should apply the three-year limitation period found in MCL 600.5805(9).

We reject defendants' argument that plaintiff's civil cause of action under the builders' trust fund act is a traditional common-law tort. While the *B F Farnell* Court recognized a common-law *remedy*, it created that remedy to address a *statutory* violation. *B F Farnell, supra* at 557. Therefore, we disagree that MCL 600.5805(9) provides the limitation period applicable to plaintiff's claim.

### D. STATUTORY VIOLATIONS

Plaintiff responds to defendants' argument regarding MCL 600.5805(9) by citing appellate decisions that address the limitation period applicable to civil causes of action deemed to arise from statutory violations. Plaintiff cites *Citizens for Pretrial Justice v Goldfarb*, 415 Mich 255, 269-270; 327 NW2d 910 (1982), and *Nat'l Sand, Inc v Nagel Constr, Inc*, 182 Mich App 327, 336-337, n 7; 451 NW2d 618 (1990), for the proposition that the six-year limitation period found in MCL 600.5813 applies to statutory causes of action. Plaintiff concludes that § 5813 therefore provides the limitation period applicable to its claim. We find plaintiff's argument persuasive.

In *Goldfarb*, our Supreme Court analyzed the limitation period applicable to the plaintiffs' civil cause of action for alleged violations of various bail bond statutes. In that case, the Court rejected the argument that the three-year limitation period currently found in MCL 600.5805(9) applied to the plaintiffs' cause of action. Instead, the Court applied the six-year limitation period found in § 5813. *Goldfarb, supra* at 269-270. The Court held:

The present case does not involve an injury to person or property within the meaning of § 5805(7).[6] That statute applies to traditional, primarily common-law, torts. See, e.g., *Rhule v Armstrong*, 384 Mich 709; 187 NW2d 223 (1971); *Coates v Milner Hotels, Inc*, 311 Mich 233; 18 NW2d 389 (1945). The injury complained of by these plaintiffs, unlike those injuries to which this three-year limitation has been applied, is not a traditional tort. Accordingly, the residual six-year statute of limitations governing all other personal actions, § 5813, applies to the present case. See, e.g., *Metzen v Dep't of Revenue*, 310 Mich 622; 17 NW2d 860 (1945); *Walper v Knowles*, 295 Mich 687; 295 NW 363 (1940). [*Goldfarb, supra* at 269-270.]

In *Nat'l Sand, supra* at 336-337, this Court relied on *Goldfarb* to determine which limitation period applied to the plaintiff's breach of contract and negligence claims. The trial court had applied the two-year limitation period commonly applied to malpractice actions. *Id.* at 332. The plaintiff argued on appeal that the six-year limitation period contained in § 5813 properly applied to its claims. *Id.* This Court disagreed with both the trial court and the plaintiff, holding that § 5805 provided the proper limitation period. *Id.* In reaching that decision, *Nat'l Sand* analyzed *Goldfarb's* holding that § 5805 applied to injuries resulting from traditional torts. *Id.* at 336. Analyzing the authority on which the *Goldfarb* Court relied, the *Nat'l Sand* Court stated:

The cases cited by *Goldfarb* also help illuminate the issue. *Goldfarb* cited *Rhule v Armstrong*, 384 Mich 709; 187 NW2d 223 (1971) (wrongful death), and *Coates v Milner*

---

[6] The *Goldfarb* Court considered an earlier version of the statute. When the plaintiffs filed their action in *Goldfarb*, the limitation period was contained in MCL 600.5805(7). That provision is currently contained in MCL 600.5805(9), with alterations to the statutory language not pertinent here.

*Hotels, Inc*, 311 Mich 233; 18 NW2d 389 (1945) (negligence by hotel in allowing the plaintiff to be assaulted by third party in the hotel), as examples of the three-year period for traditional, common-law torts. As examples of cases falling under the six-year residual period of limitation under § 5813, *Goldfarb* cited *Metzen v Dep't of Revenue*, 310 Mich 622; 17 NW2d 860 (1945) (assumpsit for sales tax refund), and *Walper v Knowles*, 295 Mich 687; 295 NW 363 (1940) (action to collect assessment by banking commissioner against bank stockholder pursuant to a statute). See also *Hart v Detroit*, 416 Mich 488; 331 NW2d 438 (1982), wherein the Court applied § 5813 to an inverse condemnation proceeding. [*Id.* at 336-337.]

The *Nat'l Sand* Court noted that *Goldfarb, Metzen, Walper* and *Hart* all applied the six-year limitation period found in § 5813 and that the common theme shared by those cases was that the right to recovery arose from a statute, rather than a common-law right. *Id.* at 377, n 7. The *Nat'l Sand* Court therefore concluded that, "if plaintiff pled malpractice or some other traditional, common-law tort, then we must apply § 5805. Otherwise, § 5813 would be appropriate." *Id.* at 337.

Applying the analysis found in *Goldfarb* and *Nat'l Sand* to the present case, we conclude that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period. Because plaintiff's civil cause of action for violation of the builders' trust fund act arises from a statutory violation, we conclude that the six-year limitation period found in § 5813 governs that cause of action.

### V. ACCRUAL

Defendants argue that plaintiff's claim under the builders' trust fund act is time-barred, regardless of the applicable limitation period, because plaintiff's claim accrued more than six years before plaintiff filed suit. Defendants argue that plaintiff's claim accrued in February 1991, when defendants made the last payment to plaintiff under the parties' contract. Because plaintiff did not file suit until August 1998, defendants contend that plaintiff's claim is time-barred. In contrast, plaintiff argues that its claim did not accrue until October 1993, when Walbridge paid defendants for work on the instant project and defendants diverted those funds to their own use without paying plaintiff the amount due it for labor and material supplied to the Walbridge project.

The general accrual statute, MCL 600.5827, governs accrual of plaintiff's cause of action. The statute provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 and 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.[7]

Before a plaintiff's civil cause of action accrues for violation of the builders' trust fund act, the defendant must first receive payment for the specific improvement at issue. The defendant must then appropriate

---

[7] MCL 600.5829 governs claims involving the right of entry or recovery of possession of land, while MCL 600.5838 governs claims involving professional malpractice. Therefore, § 5827 governs the accrual of plaintiff's civil cause of action.

such funds, failing to pay the proceeds first to laborers, subcontractors, or materialmen engaged by the defendant to perform labor or furnish material for the specific improvement. MCL 570.151 *et seq.* In the instant case, we conclude that "the wrong upon which the claim is based" occurred in 1993, when Walbridge paid defendants approximately $51,000 for the instant construction project and defendants failed to pay plaintiff the amounts due on that project.

Because plaintiff's civil cause of action accrued in 1993 and plaintiff filed the instant action in 1998, plaintiff's action was timely filed within the six-year limitation period set forth in MCL 600.5813.

Reversed.