NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0831n.06

No. 10-2206

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Dec 12, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ASTRO BUILDING SUPPLIES, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| FRANK J. SLAVIK III, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge[*]

KETHLEDGE, Circuit Judge. Astro Building Supplies, Inc., argues that Frank Slavik should not be allowed to discharge the $77,000 debt that he owes it. The bankruptcy court and district court disagreed with Astro. We affirm.

From 2003 to 2007, Astro provided Slavik with building materials for his construction company. Slavik used these supplies on hundreds of roof repairs. The companies had an open account: Astro would send invoices to Slavik, and Slavik would make payments. Slavik sometimes would pay only part of an invoice and other times would pay several invoices at once. In 2007, Slavik went out of business. At the time, he still owed Astro over $77,000. Slavik filed for Chapter 7 bankruptcy the next year, naming Astro as an unsecured creditor. Astro filed an adversary

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

proceeding, arguing that the debt was nondischargeable as a defalcation under 11 U.S.C. § 523(a)(4) and that discharge should be denied pursuant to 11 U.S.C. § 727(a)(3) since Slavik failed to keep adequate records. The bankruptcy court granted summary judgment to Slavik. The district court affirmed.

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re Patel*, 565 F.3d 963, 967 (6th Cir. 2009).

A debt is nondischargeable in bankruptcy if it results from defalcation by a fiduciary. *See* 11 U.S.C. § 523(a)(4). This rule is limited to a trust relationship arising from the placement of a specific res in the hands of the debtor. *See R.E. America, Inc v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997). Here, Astro argues that such a trust was created by the Michigan Builders Trust Fund Act. *See* Mich Comp. Laws § 570.151. Under the Act, a trust arises when laborers, subcontractors, or material suppliers perform labor or furnish material for a specific project, for which the contractor later receives funds. *See DiPonio Constr. Co., Inc. v. Rosati Masonry Co., Inc.*, 631 N.W.2d 59, 62 (Mich. Ct. App. 2001). The contractor is then the trustee of the funds and must pay all laborers, subcontractors, and materialmen before retaining any funds for itself. *See People v. Brown*, 610 N.W.2d 234, 237 (Mich. Ct. App. 2000).

Here, Astro has not shown that it provided materials to Slavik for a specific project. Instead, it provided them to Slavik on an open account. That is simply not enough to create a trust under the Act. *See Shafer Redi-Mix, Inc. v. Craft*, 414 B.R. 165 (W.D. Mich. 2009). The bankruptcy court was therefore correct to grant judgment to Slavik on Astro's § 523(a)(4) claim.

No. 10-2206
*In re Slavik*

Astro also challenges the bankruptcy court's denial of its motion for additional discovery with respect to that claim. Astro filed the motion a month after the discovery cut-off date. Astro did not demonstrate that its failure to file the motion sooner "was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(2). The court therefore did not abuse its discretion in denying the motion. *See id.*

Finally, Astro argues that Slavik should have been denied a discharge for failing to keep adequate records. *See* 11 U.S.C. § 727(a)(3). Here, the bankruptcy court held (and the district court agreed) that, because Slavik and Astro had an open account, Slavik had no duty to maintain specific project records documenting where particular supplies were used and how they were paid for. His § 727(a)(3) claim therefore fails. *See CM Temporary Services, Inc. v. Bailey (In re Bailey)*, 375 B.R. 410, 415 (Bankr. S.D. Ohio 2007).

The district court's judgment is affirmed.