# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY CLIFFORD GATES,

        Plaintiff-Appellant,

v

MICHAEL BRUBAKER and BRUBAKER & COMPANY,

        Defendants-Appellees.

UNPUBLISHED
January 15, 2015

No. 317939
Calhoun Circuit Court
LC No. 2013-001043-NZ

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In this suit for negligence and fraud, plaintiff Anthony Clifford Gates appeals by right the trial court's order dismissing his claims against defendants Michael Brubaker and Brubaker & Company. Because we conclude there were no errors warranting relief, we affirm.

According to Gates, he rented a house from Brubaker along with DonnaKay Owusu-Agyei in 2003. A copy of the lease shows that Owusu-Agyei was the sole lessee. Gates, however, alleged that he negotiated the lease and that Brubaker gave him a set of keys to the house. In 2007, a jury convicted Gates of home invasion and related offenses involving the home.

In October 2009, the lawyer representing Gates in his post-conviction proceedings wrote to Brubaker and requested a copy of the lease for the home at issue. Brubaker wrote back and stated that Gates "was never on . . . the lease." Gates also wrote to Brubaker requesting a copy of the lease, but Brubaker did not provide him with a copy. Gates then sued Brubaker for, among other things, negligence and fraud. According to Gates, Brubaker's refusal to provide the lease "deprived [him] of a fair opportunity to properly present his issues to the appellate courts."

Brubaker moved for summary disposition under MCR 2.116(C)(5), (C)(8), and (C)(10) and the trial court granted the motion.

Gates first argues the trial court erred when it granted Brubaker's motion for summary disposition without explaining its rationale. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 443; 761 NW2d 846 (2008). The trial court, after stating that it had "reviewed the matter at

some length," granted Brubaker's motion "for the reasons set forth in [his] brief and argument." This was sufficient explanation of the court's reasoning and allows for meaningful review.

Gates also argues that his claim for negligence was not barred by the applicable statute of limitations. This Court reviews de novo whether a claim is barred by the applicable statute of limitations. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340-341; 573 NW2d 637 (1997). Although Brubaker argued that Gates' claims were time-barred, he did not specifically move for summary disposition under MCR 2.116(C)(7). Nevertheless, when the record permits meaningful review, this Court will consider whether the trial court properly dismissed a claim, even if it did so under the wrong subsection. *Stewart v Isbell*, 155 Mich App 65, 74; 399 NW2d 440 (1986). "In general, the period of limitations runs from the time the claim accrues." *Adams v Adams*, 276 Mich App 704, 719; 742 NW2d 399 (2007). A claim accrues when the alleged wrong is committed. *Boyle v Gen Motors Corp*, 468 Mich 226, 231; 661 NW2d 557 (2003).

Gates, citing *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc*, 246 Mich App 43, 54; 631 NW2d 59 (2001), maintains that he had six years to sue. That case involved a suit brought under the builders' trust fund act, MCL 570.151 *et seq.*, which is "a penal statute that does not expressly provide a civil cause of action." *Id*. at 48. However, the Court observed, "our Supreme Court has long recognized a civil cause of action for violation of provisions of the act." *Id*. The Court then determined "that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in [MCL 600.5813], if the statute itself does not provide a limitation period." *Id*. at 56. Because his negligence claim is apparently premised on a statutory violation, Gates reasons that the six-year limitation period likewise applies.

Gates, however, has provided no authority that there exists a civil claim for a violation of MCL 750.483a(5)(a). In general, criminal statutes that prescribe penalties for violations do not create private causes of action. *Lowell R Fisher, DO v WA Foote Mem Hosp*, 261 Mich App 727, 730; 683 NW2d 248 (2004). Moreover, Gates did not in fact plead under MCL 750.483a(5)(a), but instead pleaded a claim for negligence arising from the violation of the statute. Thus, the proper period of limitations is the three-year period provided under MCL 600.5805(10).

In the present case, Gates alleged that Brubaker wrongfully refused to provide the lease to him after he requested it during his post-conviction proceedings, which occurred no later than November 2009. Assuming that Brubaker's refusal could constitute negligence, Gates had to sue him within three years of that date. *Lemmerman v Fealk*, 449 Mich 56, 63-64; 534 NW2d 695 (1995); MCL 600.5805(10). Gates, however, did not sue until April 2013. Therefore, his negligence claim was untimely.

Gates similarly argues that his fraud claims were not untimely. "In actions for fraud or misrepresentation the applicable limitation period is six years." *Blue Cross & Blue Shield of Mich v Folkema*, 174 Mich App 476, 481; 436 NW2d 670 (1988). We agree that Gates sued within the six-year period, but conclude that the trial court nevertheless properly dismissed the fraud claims. As Brubaker argued before the trial court, Gates has not shown that there is a genuine issue of material fact that his representations were fraudulent.

Gates alleged claims of fraudulent misrepresentation and silent fraud against Brubaker. This Court has described the relationship between these two causes of actions as follows:

> Common-law fraud or fraudulent misrepresentation entails a defendant making a false representation of material fact with the intention that the plaintiff would rely on it, the defendant either knowing at the time that the representation was false or making it with reckless disregard for its accuracy, and the plaintiff actually relying on the representation and suffering damage as a result. Silent fraud is essentially the same except that it is based on a defendant suppressing a material fact that he or she was legally obligated to disclose, rather than making an affirmative misrepresentation. [*Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772 (2012) (citation omitted).]

In this case, there is no evidence that Brubaker made a false representation. During his post-conviction proceedings, Gates' lawyer sent Brubaker a letter requesting a copy of the lease in issue. Brubaker replied in a letter that Gates "was never on . . . the lease for the property." This was not a false statement. Gates did not sign the lease and his name did not otherwise appear on the lease. While Gates may have lived at the home, he was not a lessee.

Moreover, Gates presented no evidence that he relied on any misrepresentation or the suppression of any material fact. Instead, in response to Brubaker's letter, Gates wrote to Brubaker in November 2009 and stated his belief that he was in fact on the lease. The letter is evidence that Gates did not rely on Brubaker's representation.

Gates also argues that summary disposition was inappropriate for procedural reasons. He argues that the trial court did not provide him an opportunity to amend his complaint after it granted defendant summary disposition. MCR 2.116(I)(5) provides that where summary disposition is granted under subsections (C)(8), (9), or (10), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Here, Gates did not request an opportunity to amend his complaint and the trial court was not required to sua sponte offer him the opportunity. *Kloian v Schwartz*, 272 Mich App 232, 242; 725 NW2d 671 (2006).

Additionally, Gates argues that Brubaker improperly filed a reply brief, which the trial court may have relied on. Gates notes that MCR 2.116(G)(1) only refers to the motion and a response; it does not refer to a reply to a response. Although the court rule does not specifically refer to reply briefs, it also does not prohibit them. And Gates has otherwise failed to cite any authority that prohibits a trial court from considering a reply brief.

Gates contends that the trial court likely relied on false statements found in Brubaker's pleadings. He argues that certain assertions in Brubaker's pleadings and affidavit are lies, and "[t]his matter must be remanded to the trial Court to place on the record whether the aforementioned untruths were considered in the trial Court's decision to grant the Defendant['s] motion for summary disposition." In particular, Gates takes issue with Brubaker's assertions that he did not control who stayed at the residence, did not know who stayed there, and had no involvement in the criminal case. To the extent that these claims were disputed, it would have been inappropriate for the trial court to resolve the disputes. *Skinner v Square D Co*, 445 Mich

153, 161; 516 NW2d 475 (1994). However, these assertions did not involve the bases for dismissing Gates' claims; rather, this case was resolvable on issues of law and undisputed fact.

Gates also argues that he had a landlord-tenant relationship with Brubaker. However, Gates did not allege or present any evidence that he paid any consideration, which is an essential element of a landlord-tenant relationship. See *Grant v Detroit Ass'n of Women's Clubs*, 443 Mich 596, 605 n 6; 505 NW2d 254 (1993).

He also argues that summary disposition was premature. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (internal quotation marks and citation omitted). Gates argues that discovery had to continue to collect evidence that he did in fact live at the house. But evidence that Gates actually lived at the house was not pertinent to his claims. Gates alleged in his complaint and in an affidavit that he had lived at the residence. This was sufficient to create a question of fact. Furthermore, although Brubaker did not admit that Gates lived at the residence, he did not contest it either. Gates also appended documents to his response that showed he reported that address as his residence. Again, further documentation to the same effect was unnecessary. Thus, because Gates has not identified any issues on which further discovery was needed, the trial court did not err in declining to permit further discovery. *Id.*

Finally, Gates asserts that he did not discover Brubaker's fraud until May 2011, when he "was made aware of a statement laughingly made by Owusu-Agyei to an associate of hers stating, 'It was lucky for her . . . that your dad's lawyer did not get the lease because your dad and your brother were on the lease as occupants.' " Gates contends that MCL 600.5855 tolled the applicable period of limitations. Thus, he argues, because he filed his complaint in April 2013, his claims were timely brought.

Gates' allegation that he did not discover that he was on the lease until 2011 is disingenuous. According to the letter he wrote in November 2009, he knew, or thought he knew, that he was on the lease. He is not entitled to contradict his prior conduct in order to survive a motion for summary disposition. *Bergen v Baker*, 264 Mich App 376, 389; 691 NW2d 770 (2004). Consequently, his argument that the statute of limitations should be tolled is without merit.

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly