# STATE OF MICHIGAN

# COURT OF APPEALS

BATESON FARMS & COMPANY,

        Plaintiff-Appellant,

v

ABBOTTS NURSERY, INC., doing business as
ABBOTT'S LANDSCAPE NURSERY, and
MICHAEL ABBOTT,

        Defendants-Appellees.

UNPUBLISHED
October 19, 2017

No. 333856
Washtenaw Circuit Court
LC No. 15-000603-CB

Before: BOONSTRA, P.J., and METER and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(7) (statute of limitations). We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff operates a business that includes selling and delivering topsoil. Defendant Michael Abbott (hereinafter "Abbott") or his nursery business periodically purchased topsoil from plaintiff between 2002 and 2009. He made his last purchase on October 20, 2009.

The invoice for the October 20, 2009 purchase identified Abbott's Nursery, Inc., and Abbott, individually, as the purchasers. It reflected a charge and a "Balance Due" of $765. It identified the following terms: "Terms: Charge-Due on Receipt." It also provided that "[p]urchaser(s) agrees that if any products or services were previously purchased, and if any amount remains unpaid thereon, all payments received, herein or otherwise, will be first applied to the oldest dated unpaid invoices." The invoice also provided for a 0.000493151% daily (18.0% annual) service charge to be applied on all unpaid invoices.[1] Plaintiff maintains that its

---

[1] The record does not reflect whether any of plaintiff's earlier invoices to defendant contained these terms.

-1-

customer records indicate that, as of May 25, 2015, defendants owed $61,249.74 on various unpaid invoices dating back to 2002, of which $52,929.74 was from daily service charges.[2]

The October 20, 2009 invoice did not, however, reflect any unpaid amounts or service charges. Abbott maintains that he "paid for all soil delivered by [plaintiff]" and that he "always paid shortly after goods were delivered." Abbott further asserts that "to appease [plaintiff], Abbott made an additional payment of $765 in December of 2009, which is not reflected in the records [plaintiff] supplied to the Court," that he "did not hear from [plaintiff] again until 2015," that plaintiff is "litigious," and that plaintiff's "modus operandi is to wait until the six (6) year residual contract Statute of Limitations has almost run and then file suit so he can attempt to collect six years of compounded interest at 18%."[3]

In June 2015, roughly five years and eight months after the October 20, 2009 purchase, plaintiff sued Abbott and Abbott's Nursery, Inc. for breach of contract on an open account. Plaintiff attached to the complaint an affidavit of open account, attesting that "[t]he contracted-for goods and services were all provided on an open account, and all payments were applied to the oldest invoices first, in keeping with the prior agreement of the parties." Plaintiff then filed an amended complaint in September 2016, alleging that defendant Abbott's Nursery, Inc. did business as Abbott's Landscape Nursery and adding that designation to the caption.

On November 19, 2015, Abbott filed an answer to plaintiff's complaint, as well as an Affidavit Denying Open Account. Abbott subsequently moved for summary disposition arguing in part that Abbott's Nursery, Inc., was not a business entity, as was confirmed by a business entity search performed on the website of the Corporations Division of the Michigan Department of Licensing and Regulatory Affairs (LARA),[4] and that it should therefore be dismissed from the action. Abbott also contended that the applicable statutory period of limitations was the four-year limitations period provided for in MCL 440.2725(1) for actions for the breach of a contract for sale, and that it barred plaintiff's cause of action. Finally, Abbott argued that the plaintiff's asserted annual interest rate of 18.0% was usurious and therefore nonrecoverable under the relevant usury statutes.

Plaintiff responded to Abbott's motion, arguing that the existence of the corporate defendant was a question of fact that should be resolved at trial. Plaintiff also argued that that the applicable statutory period of limitations on its claim for an open account was 6 years under MCL 600.5807(8). Finally, with regard to the interest rate of the daily service charges, plaintiff argued that MCL 450.1275 allows parties to contract for otherwise usurious interest rates.

---

[2] Plaintiff's customer records also contain the following language: "*Plus the Filing & Service Fees, All Costs, and Actual Attorney Fees – to be added & charged."

[3] The record does not reflect whether, during the intervening years between the issuance of the invoices and the filing of suit, plaintiff ever advised Abbott that it was accruing service charges or that it contended that certain invoices had not been paid (or paid in full).

[4] At the time the search was performed, LARA's website address still reflected its former designation as the Department of Labor and Economic Growth (DLEG). The current website for business entity searches is found at http://w1.lara.state.mi.us/businessentitysearch/.

After a hearing, the trial court granted Abbott's motion for summary disposition. First, it granted summary disposition in favor of Abbott's Nursery, Inc. under MCR 2.116(C)(10) as it found no evidence that it existed as a corporate entity.[5] Second, the trial court granted summary disposition in favor of Abbott, concluding that the four year limitations period of MCL 440-2725(1) (for actions for breach of a contract for sale) applied to plaintiff's claim. The trial court did not address the usury issue. Plaintiff moved for reconsideration. The trial court denied that motion.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *DiPonio Constr. Co. v Rosati Masonry Co.*, 246 Mich App 43, 46; 631 NW2d 59, 61 (2001). In a motion for summary disposition decided under MCR 2.116(C)(7), "the contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 553; 837 NW2d 244 (2013). "This Court must consider the documentary evidence in a light most favorable to the nonmoving party" in reviewing a grant of summary disposition. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "[I]n the absence of disputed facts, the question whether a plaintiff's cause of action is barred by the statute of limitations is a question of law to be determined by the trial judge." *Moll v Abbott Laboratories*, 444 Mich 1, 26; 506 NW2d 816 (1993). We review de novo questions of law. See *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009).

## III. ANALYSIS

At the summary disposition motion hearing, the trial court ruled as follows:

> Clearly, this was a sale of goods, in this case, soil, and the claim is, essentially, for a breach of that agreement. The argument is being made that it was an agreement made on [sic] open account. Given the nature of the statute [MCL 440.2725(1)], I'm not sure that there is – that's a distinction without a difference, that in the absence of specific case law being presented to the Court that would hold otherwise . . . 440.2725(1) is the controlling statute of limitations.

Plaintiff argues that the trial court erred when it concluded that the asserted existence of an open account was irrelevant to determining the applicable limitations period because the case involved the sale of goods. We agree.

A claim on an open account is "an action to collect on the single liability stemming from the parties' credit relationship regardless of the underlying transactions comprising the account."

---

[5] Plaintiff does not challenge this grant of summary disposition on appeal, and our decision regarding the trial court's grant of summary disposition to Abbott under MCR 2.116(C)(7) does not affect the grant of summary disposition under MCR 2.116(C)(10) to Abbott's Nursery, Inc..

*Fisher*, 494 Mich at 570. MCL 600.2145 provides that when a plaintiff files an action on an open account together with an affidavit specifying the amount due on the open account, "such affidavit shall be deemed prima facie evidence of such indebtedness." However, should the defendant respond with an affidavit "denying the same," this prima facie evidence is rebutted. *Id*. Nevertheless, a plaintiff who does not attach such an affidavit or whose prima facie case is rebutted may still prove the existence of an open account through traditional means, such as "offering testimony and other evidence demonstrating indebtedness." *Fisher*, 494 Mich at 563 n 56.

An open account is " '1. An unpaid or unsettled account. 2. An account that is left open for ongoing debit and credit entries and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.' " *Bakshi*, 483 Mich at 355, quoting *Black's Law Dictionary* (7th ed). Open accounts can be premised on express or implied contracts. *Fisher*, 494 at 570. Even where a business transaction is a sale of goods, it can nevertheless be considered a sale on an open account. *Id*. at 548. Our Supreme Court has stated that actions "on an open account are distinct and independent from the underlying transactions giving rise to the antecedent debt." *Id*. Therefore, "it is immaterial whether the underlying transaction involved the sale of goods." *Id*. at 560. In such actions on open accounts where the underlying transactions are for the sale of goods, the applicable statutory period of limitations is six years under MCL 600.5807(8) rather than four years for the breach of a contract of sale under MCL 440.2725(1). *Id*. at 573-574. A partial payment on an open account will restart the running of the statute of limitations. *Id*. at 571.

We conclude that the trial court erred when it stated that the existence of an open account would not impact the applicable statute of limitations. While defendants argue that the trial court factually found this case to be a sale of goods, our caselaw establishes that a transaction can be for the sale of goods and still be conducted on an open account. *Fisher*, 494 Mich at 548. In such instances, the applicable statutory period of limitation is six years instead of four years. *Id*.

Accordingly, we reverse and remand this case to the trial court with instructions to revisit the issue of the applicable limitations period in light of this opinion and the caselaw cited herein. On remand, the trial court should determine whether, accepting plaintiff's allegations as true and viewing the evidence in the light most favorable to it, plaintiff's claim constituted a claim on an open account or a claim for the breach of a contract for sale, see *id*. at 560, 573, and should conduct such further proceedings as are appropriate in light of that determination.

Reversed and remanded. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Michael F. Gadola