*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRIAN ZEZULA,

        Plaintiff-Appellee,

v

NINA BROWN and DTE ENERGY COMPANY,

        Defendants,

and

KALTZ EXCAVATING CO INC.,

        Defendant-Appellee,

and

INDEPENDENCE TOWNSHIP OF OAKLAND COUNTY,

        Defendant-Appellant.

FOR PUBLICATION
March 11, 2025
12:02 PM

No. 368261
Oakland Circuit Court
LC No. 22-197937-NZ

---

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

YOUNG, J.

Plaintiff, Brian Zezula, suffered a sewage overflow in his home after defendant and neighbor Nina Brown ("Brown") hired contractors to do some work on her property. One contractor, defendant Kaltz Excavating ("Kaltz"), drilled a hole into the ground and struck a pipe, causing the backup in Zezula's home. The question at this point in the litigation is whether Independence Township of Oakland County ("Independence Township"), the location of these homes, is immune from any liability arising from this overflow. The trial court denied Independence Township's motion for summary disposition under MCR 2.116(C)(7)

-1-

(governmental immunity) and MCR 2.116(C)(8) (failure to state a claim on which relief can be granted).[1] We affirm and remand for further proceedings.

## I. FACTUAL BACKGROUND

Brown hired Detroit Energy Company ("DTE"), to perform electrical line groundwork at her property. DTE subcontracted the work to Kaltz, an excavating company. During the groundwork, Kaltz performed mechanical boring,[2] which punctured and drilled through Zezula's underground sewer lead, causing waste and sewage to flood into Zezula's basement drainage pipes.

Zezula initially brought a complaint for negligence against DTE, Kaltz, and Brown. Kaltz filed a notice of nonparty at fault, alleging Independence Township was liable for violations of the MISS DIG Underground Facility Damage and Safety Act, MCL 460.721 *et seq*. ("the MISS DIG Act") and other local ordinances. Specifically, Kaltz alleged that it requested Independence Township mark its facilities. Independence Township replied there was "no conflict" and failed to mark the facilities. Zezula filed a second amended complaint, adding Independence Township as a defendant.

Independence Township then moved for summary disposition, arguing governmental immunity. Independence Township also argued Zezula failed to comply with the pre-suit notice requirements of MCL 691.1419. The trial court denied Independence Township's motion for summary disposition, reasoning Zezula could sustain a claim against Independence Township because Independence Township was not entitled to governmental immunity regarding violations of the MISS DIG act. The trial court did not rule on the issue of notice, requiring additional briefing. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7)." *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc*, 246 Mich App 43, 46; 631 NW2d 59 (2001). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law." *Burise v City of Pontiac*, 282 Mich App 646, 650; 766 NW2d 311 (2009) (quotation marks and citations omitted). "The moving party may support its motion for summary disposition under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence,

---

[1] Independence Township's motion for summary disposition requested the trial court grant summary disposition under MCR 2.116(C)(7), MCR 2.116(C)(8), and MCR 2.116(C)(10) (no genuine issue of material fact). However, Independence Township only advanced arguments under MCR 2.116(C)(7) and MCR 2.116(C)(8). To the extent Independence Township sought summary disposition under MCR 2.116(C)(10), the issue is abandoned. "Insufficiently briefed issues are deemed abandoned on appeal." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009).

[2] "Boring machining is a hole-making process that follows other types, like drilling, to enlarge holes to meet required dimensions and surface finishes." Xometry, *All About Boring Machining* <https://www.xometry.com/resources/machining/boring-machining/> (accessed March 6, 2025).

the substance of which would be admissible at trial. The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008) (quotation marks and citations omitted).

"This Court also reviews de novo the trial court's grant of summary disposition pursuant to MCR 2.116(C)(8) . . . ." *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint; a court considers only the pleadings when deciding a motion brought under this section." *Id*. at 509. When "reviewing a motion for summary disposition under MCR 2.116(C)(8), all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possible justify recovery." *Id*.

"Issues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006). "[T]he applicability of governmental immunity is a question of law that this Court reviews de novo." *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010).

### III. MISS DIG ACT EXCEPTION TO GOVERNMENTAL IMMUNITY

Independence Township argues the trial court erred by determining Independence Township was not entitled to governmental immunity for alleged violations of the MISS DIG Act. We disagree.

"[G]overnmental agencies, with a few exceptions, are generally statutorily immune from tort liability." *Rowland v Washtenaw County Rd Comm'n*, 477 Mich 197, 203; 731 NW2d 41 (2007). Under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, governmental agencies are shielded from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). "The act enumerates several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency." *Rowland*, 477 Mich at 203. The parties dispute whether MCL 691.1407 and MCL 460.732 create an exception to governmental immunity for alleged violations of the MISS DIG Act.

Before 2014, MCL 691.1407 did not include any specific reference to violations of the MISS DIG Act. See MCL 691.1407, as amended 2005 PA 318. In 2006, we considered whether "the MISS-DIG act created an exception to the general immunity provided by the GTLA." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 485; 722 NW2d 906 (2006). We held: "Because the immunity provided by the GTLA is broad and its exceptions are to be narrowly construed . . . the MISS-DIG act does not waive or abrogate the immunity provided by the GTLA, either expressly or by necessary inference from the statute." *Id.* at 491 (citation omitted).

Effective April 1, 2014, MCL 691.1407 was amended to include the following provision: "The immunity provided by [the GTLA] does not apply to liability of a governmental agency under the MISS DIG underground facility damage prevention and safety act." MCL 691.1407(7), as amended 2013 PA 173. Additionally, effective April 1, 2014, MCL 460.732 was enacted, stating:

"Except as provided in this section, [the MISS DIG Act] does not affect the liability of a governmental agency for damages for tort or the application of 1964 PA 170, MCL 691.1401 to 691.1419." MCL 460.732(1). Further, "[a] facility owner or a facility operator may file a complaint with the commission seeking a civil fine and, if applicable, damages from a governmental agency under this section for any violation of this act." MCL 460.732(2).

In this case, Independence Township moved for summary disposition, arguing Zezula's claims were barred by governmental immunity. The trial court disagreed, reasoning, in part, "Independence Township is not entitled to governmental immunity pursuant to MCL 691.1407(7)." We hold that the trial court's conclusion is supported by the plain language of the relevant statutes.

## A. STATUTORY INTERPRETATION GENERALLY

We also review issues of statutory interpretation *de novo* and always begin with the plain language of the statute in question. *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 31–32; 966 NW2d 393 (2020). "While terms must be construed according to their plain and ordinary meaning, words and phrases "as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). "Moreover, when the Legislature chooses to employ a common-law term without indicating an intent to alter the common law, the term will be interpreted consistent with its common-law meaning." *Id*.

## B. THE PLAIN LANGUAGE OF THE GTLA

Under the GTLA, the statutorily-afforded broad governmental immunity "does not apply to liability of a governmental agency under the MISS DIG underground facility damage prevention and safety act." MCL 691.1407(7). This begs the question then: what is the scope of liability under MISS DIG?

The Michigan Supreme Court answered a similar question with respect to the governmental immunity statute. Specifically, in the case *In re Bradley Estate*, 494 Mich at 385, the Court looked at the term "tort liability" used in MCL 691.1407(1). Like in *Bradley*, here the term "liability" is not defined by statute. So, like in *Bradley*, we defer to its "commonly understood meaning" which *Bradley* itself provides: liability is "all legal responsibility." *Id*. It follows that the GTLA precludes any governmental immunity for "all legal responsibility under MISS DIG." Our statutory interpretation need not go further—the GTLA has a broad exception to immunity for violations of MISS DIG.

Looking through the MISS DIG statute though, only confirms that interpretation. The MISS DIG act contains MCL 460.732, the "governmental liability" section of the MISS DIG act. That section begins with:

> Except as provided in this section, this act does not affect the liability of a governmental agency for damages for tort or the application of [the GTLA]. [MCL 460.732(1).]

This means that, except as that section may elsewhere provide, the law of tort and the application of governmental immunity are unaffected by the MISS DIG act and apply as they otherwise would. And, as previously stated, the governmental immunity statute expressly precludes coverage for liability under MISS DIG.

The MISS DIG statute does, in at least two sections, identify a process by which the Michigan Public Service Commission (MPSC) can impose fines. MCL 460.731(2); MCL 460.732(2). It is likewise clear that these commission-based remedies are not the exclusive pathway to relief. MCL 460.731(3) expressly states that "[a] complaint filed under subsection (2) does not limit a person's right to bring a civil action to recover damages that person incurred arising out of a violation of the requirements of this act."

We affirm the trial court's holding that the GTLA has a broad exception to governmental immunity for alleged violations of the MISS DIG act. Because Zezula alleges Independence Township violated MISS DIG, Independence Township cannot claim governmental immunity.

## IV. SEWAGE DISPOSAL SYSTEM EVENT EXCEPTION TO GOVERNMENTAL IMMUNITY

The trial court also allowed Zezula to file a third amended complaint to add an additional exception to governmental immunity—the sewage disposal event exception. Independence Township argues the sewage disposal system event exception to governmental immunity does not apply to the facts of this case. We believe questions of fact remain as to whether this exception applies.

"The scope of governmental immunity is construed broadly, while exceptions to it are construed narrowly." *Linton v Arenac County Rd Comm'n*, 273 Mich App 107, 112; 729 NW2d 883 (2006). Under MCL 691.1417:

> (2) A governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency. Sections 16 to 19 abrogate common law exceptions, if any, to immunity for the overflow or backup of a sewage disposal system and provide the sole remedy for obtaining any form of relief for damages or physical injuries caused by a sewage disposal system event regardless of the legal theory.
>
> (3) If a claimant, including a claimant seeking noneconomic damages, believes that an event caused property damage or physical injury, the claimant may seek compensation for the property damage or physical injury from a governmental agency if the claimant shows that all of the following existed at the time of the event:
>
> > (a) The governmental agency was an appropriate governmental agency.
> >
> > (b) The sewage disposal system had a defect.

(c) The governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect.

(d) The governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect.

(e) The defect was a substantial proximate cause of the event and the property damage or physical injury. [MCL 691.1417.]

"To successfully bring an action, a plaintiff cannot merely satisfy subsection 2 but must, instead, establish all the requirements of subsection 3." *Bosanic v Motz Dev, Inc*, 277 Mich App 277, 282; 745 NW2d 513 (2007). Under the statute:

"Sewage disposal system" means all interceptor sewers, storm sewers, sanitary sewers, combined sanitary and storm sewers, sewage treatment plants, and all other plants, works, instrumentalities, and properties used or useful in connection with the collection, treatment, and disposal of sewage and industrial wastes, and includes a storm water drain system under the jurisdiction and control of a governmental agency. [MCL 691.1416(j).]

Additionally:

"Sewage disposal system event" or "event" means the overflow or backup of a sewage disposal system onto real property. An overflow or backup is not a sewage disposal system event if any of the following was a substantial proximate cause of the overflow or backup:

(*i*) An obstruction in a service lead that was not caused by a governmental agency.

(*ii*) A connection to the sewage disposal system on the affected property, including, but not limited to, a sump system, building drain, surface drain, gutter, or downspout.

(*iii*) An act of war, whether the war is declared or undeclared, or an act of terrorism. [MCL 691.1416(k).]

" 'Appropriate governmental agency' means a governmental agency that, at the time of a sewage disposal system event, owned or operated, or directly or indirectly discharged into, the portion of the sewage disposal system that allegedly caused damage or physical injury." MCL 691.1416(b). " 'Defect' means a construction, design, maintenance, operation, or repair defect." MCL 691.1416(e). " 'Substantial proximate cause' means a proximate cause that was 50% or more of the cause of the event and the property damage or physical injury." MCL 691.1416(*l*).

We agree with the trial court's decision to allow the amendment of the complaint. Questions of fact exist, including but not limited to, whether the sewage disposal system had a

defect[3] and whether the event in issue constitutes an obstruction.  Further, while it appears there may be factual support regarding whether the event proximately caused the alleged damage, a question of fact remains as to the location of Independence Township's markings, and thus, whether proximate cause has been presented.  In fact, at oral argument, the parties could not reach consensus as to whether Independence Township had visited the site before boring began and if they had, whether they demarcated any pipelines with green spray paint, flags, or not at all.  On this issue, too, we affirm the trial court and remand to allow for amendment of the complaint.

## V.  NOTICE

Independence Township argues Zezula failed to comply with the pre-suit notice requirements of MCL 691.1419.  We decline to address this issue.

Independence Township's motion for summary disposition argued Zezula failed to comply with pre-suit notice requirements of MCL 691.1419.  This issue was not significantly addressed during the hearing on Independence Township's motion.  The trial court's order denying summary disposition stated:

> The Court has addressed statutory immunity but questions whether [Zezula] gave the notice required by MCL 691.1419.  Independence Township argued in its motion that [Zezula] had not given the requisite notice.  [Zezula] did not respond to that argument.  Notice was insufficiently discussed during oral argument Independence Township's request for summary disposition premised on notice is held in abeyance pending supplemental filing by the parties.

Independence Township then appealed as of right the trial court's denial of summary disposition in favor of Independence Township.  See MCR 7.202(6)(a)(v).  Lower court proceedings were stayed during this appeal.  The parties never filed supplemental briefs on the issue of notice and the trial court never ruled on the issue of notice.  Independence Township's notice claim is still being held in abeyance.  Because the trial court did not render an opinion on the issue of notice, there is nothing for this Court to review.

## VI.  CONCLUSION

We affirm the trial court's decision that Independence Township is not entitled to governmental immunity for alleged violations of the MISS DIG Act.  We also affirm the trial court's decision to allow Zezula to amend his complaint to include allegations under MCL 691.1417.

/s/ Adrienne N. Young
/s/ Kirsten Frank Kelly

---

[3] As the trial court identified, caselaw exists that identifies the MISS DIG notification requirements as a government function and constitutes "operation and maintenance." *State Farm Fire & Cas Co v Corby Energy Services Inc,* 271 Mich App 480, 481 n2; 722 NW2d 906 (2006).